Janice BRICE, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.

No. 82–1614.

District of Columbia Court of Appeals.

Submitted Nov. 21, 1983.

Decided Feb. 21, 1984.

---

1. Sworn testimony is implicit in the Administrative Procedure Act, D.C.Code § 1–1509 (1981).

Janice Brice, pro se.

Michael A. Milwee, Washington, D.C., was on the brief for respondent. Grace L. Rosner, Washington, D.C., also entered an appearance for respondent.

Before FERREN, BELSON and TERRY, Associate Judges.

TERRY, Associate Judge:

Petitioner quit her job with the Department of the Navy on August 30, 1982. Concluding that she had voluntarily resigned without good cause connected with her work,[1] a claims deputy denied her application for unemployment benefits. That ruling was affirmed by an appeals examiner, whose decision was affirmed in turn by the chief of respondent's Office of Appeals and Review. It is this second affirmance which petitioner asks us to overturn. She does not contest its factual basis but instead challenges the sanction imposed; respondent, she argues, should have imposed a lesser penalty than outright disqualification from receiving benefits. We hold that the law gave respondent no choice; hence we affirm respondent's decision.

Our review is governed by the District of Columbia Administrative Procedure Act, D.C.Code §§ 1–1501 through 1–1510 (1981 & 1983 Supp.). Section 1–1510(a)(3) empowers us to "hold unlawful and set aside" any agency action, findings or conclusions which we find to be

(A) Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege, or immunity;

(C) In excess of statutory jurisdiction, authority, or limitations or short of statutory jurisdiction, authority, or limitations or short of statutory rights;

(D) Without observance of procedure required by law, including any applicable procedure provided by this subchapter; or

(E) Unsupported by substantial evidence in the record of the proceedings before the Court.

The denial of benefits to petitioner falls within none of these categories.

D.C.Code § 46–111(a) (1981) formerly provided that "[a]n individual who left his most recent work voluntarily without good cause connected with the work ... shall not be eligible for benefits with respect to the week for which he first files for benefits and with respect to not less than six nor more than twelve consecutive weeks of unemployment which immediately follow such week." One who simply quit work for any reason at all, or for no reason, could be confident that unemployment benefits would follow after the end of the twelfth week.

Since early 1982, however, a series of temporary amendments to that section[2] has

---

1. Petitioner does not quarrel with this conclusion.

2. The first of these amendments was part of the Unemployment Trust Fund Revenue Temporary Act of 1981 ("the 1981 Act"), D.C.Law

4–86, § 2(e), 29 D.C.Reg. 431 (1982), which took effect on March 16, 1982. *See* 29 D.C. Reg. 1280 (1982). In July 1982 the 1981 Act was replaced by the Unemployment Trust Fund Revenue and Conformity Emergency Act of

made the receipt of benefits more difficult for those who leave work voluntarily without good job-related cause. At the time petitioner quit her job in August of 1982, section 46–111(a) stated:

> For weeks commencing after December 18, 1981, any individual who left his most recent work voluntarily without good cause connected with the work . . . shall not be eligible for benefits until he has been employed in each of four subsequent weeks (whether or not consecutive) and has earned remuneration equal to not less than four times the weekly benefit amount to which he would be entitled pursuant to [D.C.Code § 46–108(b) (1981)].

D.C.Code § 46–111(a) (1981), *as amended by* the 1982 Emergency Act, § 2(h), 29 D.C. Reg. at 3603–04 (expired September 18, 1982).[3] The statute no longer leaves room for discretion. Respondent was not free to direct that petitioner's disqualification end after a certain number of weeks, nor would the disqualification eventually come to an end automatically. Having determined that petitioner left her job voluntarily without good cause connected with the work, respondent was required to rule her ineligible for benefits.[4] There is no legal basis for a reversal of that ruling.

*Affirmed.*

---

1982 ("the 1982 Emergency Act"), D.C.Act 4–229, § 2(h), 29 D.C.Reg. 3603 (1982). By its own terms, the 1982 Emergency Act expired on September 18, 1982, the day after the Unemployment Trust Fund Revenue and Conformity Act of 1982 ("the 1982 Act"), D.C.Law 4–147, 29 D.C.Reg. 3347 (1982), took effect. D.C.Act 4–229, § 3, 29 D.C.Reg. 3607 (1982). The 1982 Act's amendment of section 46–111(a) was supplanted by section 2(p) of the District of Columbia Unemployment Compensation Act Amendments Emergency Act of 1983 ("the 1983 Emergency Act"), D.C.Act 5–14, § 2(p), 30 D.C.Reg. 1439 (1983), which in turn was replaced by section 2(p) of the District of Columbia Unemployment Compensation Act Amendments Act of 1983 ("the 1983 Act"), D.C.Law 5–3, § 2(p), 30 D.C.Reg. 1377 (1983). The 1983 Act's amendment of section 46–111(a) will expire on December 31, 1985. D.C.Law 5–3, § 4, 30 D.C.Reg. 1382 (1983).

3. Respondent incorrectly cites as the source of this passage the 1981 Act, whose language is somewhat different, *see* D.C.Law 4–86, § 2(e), 29 D.C.Reg. at 431, and which, in any event, was superseded by the 1982 Emergency Act on July 29, 1982, more than a month before petitioner resigned from her job. *See* D.C.Act 4–229, § 3, 29 D.C.Reg. at 3607–08. The 1981 Act would have expired anyhow on July 29,

1982, even if the 1982 Emergency Act had not been enacted. *See* D.C.Law 4–86, § 3(b), 29 D.C.Reg. at 432. Nevertheless, respondent failed to cite in its initial brief the 1982 Emergency Act or any of the other subsequent enactments which have drastically altered section 46–111(a) of the Code. Obviously, had any of these stopgap measures expired without a successor, as we might well have concluded from respondent's initial brief, the outcome of this litigation could have been quite different.

In the future, therefore, we direct respondent to cite in its briefs the exact statutory provisions on which it relies, giving precise references to the District of Columbia Register for any provision not in the current Code. If the pertinent statutory language does not appear in either the bound volumes of the District of Columbia Code or its most recent supplement, respondent shall quote it verbatim.

4. At that time, petitioner could have become eligible by working for four weeks and earning at least four times the weekly sum to which she would have been entitled in unemployment benefits. Now, however, her burden is greater: she must work for ten weeks and earn at least ten times the weekly sum before she can become eligible. D.C.Code § 46–111(a) (1981), *as amended* by the 1983 Act, D.C.Law 5–3, § 2(p), 30 D.C.Reg. at 1377–78.