Benjamin E. THOMAS, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.

No. 84–393.

District of Columbia Court of Appeals.

Submitted Feb. 14, 1985.

Decided April 22, 1985.

F. Steve Roby was on brief, for petitioner.

N. Denise Wilson-Taylor, Washington, D.C., was on brief, for respondent.

Before MACK, NEWMAN and BELSON, Associate Judges.

PER CURIAM:

The question on this appeal is whether the Office of Appeals and Review of the Department of Employment Services (Department) properly dismissed for lack of jurisdiction petitioner's appeal of an appeals examiner's denial of unemployment benefits. We find insufficient evidence in the record that appellant was given notice either of the employer's appeal of the Department's initial decision to grant him benefits, and the consequent hearing before the appeals examiner, or of the Department's decision to reverse that grant of benefits and of petitioner's right to appeal that determination. We therefore reverse and remand for a new hearing.

Petitioner, Benjamin E. Thomas, was dismissed on August 13, 1983, from his position as a cook at the U.S. Soldiers' and Airmen's Home. He applied for unemployment compensation, and was granted benefits by a Department of Employment Services claims deputy. The employer, who had not appeared at the interview before the claims deputy, appealed the deputy's decision on the grounds that Thomas had been dismissed for misconduct.

Upon receipt of the employer's appeal, the Department filled out a form entitled "Notice of Hearing," which set a hearing date before an appeals examiner, and which stated that "[f]ailure ... to appear may result in dismissal of the appeal or other unfavorable Decision." At the bottom of the form are the words "Dated and mailed 10/7/83." Also on the form are Thomas' correct name and address. The employer appeared at the date and time specified in the notice; Thomas did not. Thomas now contends that he never received notice of the hearing from the agency.

At the hearing, the employer presented evidence that Thomas was dismissed because he had appeared for work on April 19, 1983 in an intoxicated state. The employer argued that based on this event and on three previous incidents in which Thomas had been suspended from work for unauthorized absences,[1] the Soldiers' Home had dismissed Thomas for misconduct. After hearing the employer's evidence, the appeals examiner found that Thomas had indeed been dismissed for misconduct and was therefore ineligible for benefits under D.C.Code § 46–111(b) (Supp.1984). The examiner's decision reversing the claims examiner's decision to award benefits is stamped "Dated & Mailed 28 Oct. 1983." Thomas' correct name and address are typed on the form. Thomas now contends that he did not receive notice of this decision by the appeals examiner. No appeal was taken of this decision within the 10-day appeals period set forth in D.C.Code § 46–112(e) (1981); the appeal was thereafter "final for all purposes" under the statute, id.

On December 15, 1983, Thomas filed an appeal of the appeals examiner's decision, giving as the reason for his appeal, "why payment was stop." The Office of Appeals and Review then proceeded to consider Thomas' case on the merits, and concluded, in a final decision dated January 4, 1984, that the examiner's findings were "supported by and in accordance with reliable,

---

1. In November of 1982 Thomas was suspended for three days; in December of 1982 he was suspended for five days; and in January of 1983 he was suspended for ten days.

probative and substantial evidence." The examiner's decision was therefore affirmed.

There is no record of an appeal to this court from the January, 1984 decision of the Office of Appeals and Review. The present appeal is of a decision by that Office dated March 30, 1984, which again reviewed Thomas' December 15, 1983 appeal of the appeals examiner's decision finding misconduct. Upon a second review of the record, the Appeals and Review Office determined that it had no jurisdiction to consider Thomas' appeal since it was untimely filed.[2] The record does not reveal, and neither party has explained, why this case came before the Office of Appeals and Review twice.

We have often noted that the 10-day period provided in the Unemployment Compensation Act for agency appeals, D.C. Code § 46–112(e), is jurisdictional, and that a failure to file a notice of appeal within the required time will divest the agency of jurisdiction to consider the appeal. *Gosch v. District of Columbia Department of Employment Services*, 484 A.2d 956, 958 (D.C.1984); *Worrell v. District Unemployment Compensation Board*, 382 A.2d 1036, 1038 (D.C.1978); *Gaskins v. District Unemployment Compensation Board*, 315 A.2d 567, 568 (D.C.1974). We have recognized, however, that a prerequisite to invoking this jurisdictional bar is the agency's "obligation of giving notice which was reasonably calculated to apprise petitioner of the decision of the claims deputy and an opportunity to contest that decision through an administrative appeal." *Gosch*, 484 A.2d at 957. Significantly, in *Gosch*,

*Worrell*, and *Gaskins*, we were confronted with claimants who indisputably had received notice of an agency decision within the 10-day time period for appeal. Here, however, we have a claimant who contests receipt of notice, and we have no record proof of mailing of either the original notice of hearing before the appeals examiner, or of the examiner's subsequent decision.[3] Further, the record is devoid of any explanation of the internal agency mailing process.

In *Carroll v. District of Columbia Department of Employment Services*, 487 A.2d 622 (D.C.1985), we held that the alleged failure of the petitioner to receive notice "does not constitute a deprivation of due process." *Id.* at 624. In *Carroll*, however, the record evidence before the court was sufficient for it to conclude that "[t]he Board did in fact mail a notice of the hearing date and time to petitioner" at his listed address. *Id.* In this case, in contrast, the record evidence is insufficient for us to conclude that either of the notices at issue were ever in fact mailed to petitioner. Although printed on both forms are the words "Dated and Mailed," followed by a date, the mere existence of these forms in the agency file does not constitute proof, in the absence of any certification or description of agency mailing procedures, that any notice was actually mailed. In light of the agency's failure to demonstrate proof of notice, we decline to conclude that petitioner was jurisdictionally barred from appealing the examiner's reversal of the claims deputy's award of benefits.

If the agency failed to mail notice to petitioner of the employer's appeal of the

---

2. Since the appeal to the Office of Appeals and Review had not been filed within the statutory 10-day appeals period, the decision of the appeals examiner "constitute[d] the decision of the Board" and became "final for all purposes." D.C.Code § 46–112(e) (1981). Although the Office of Appeals and Review stated that it had no jurisdiction to consider the appeal, it simultaneously stated that the decision of the appeals examiner was "affirmed," and thereby implied that it indeed had reviewed the case on the merits.

3. The statute provides that the agency must "afford[ ] the parties opportunity for fair hearing ... and the claimant and interested parties shall be given notice thereof and permitted to appeal." D.C.Code § 46–112(b) (1981). Further, the appeals tribunal shall "afford[ ] the parties reasonable opportunity for fair hearing" and the parties "shall be duly notified of the decision of such appeal tribunal." *Id.* § 46–112(e). Agency regulations provide that "written notice of the [appeals] hearing shall be given to all interested parties." 18 DCRR § 4607.3 (1983).

claims deputy's decision, the agency cannot be said to have afforded petitioner a "reasonable opportunity for fair hearing" under the Unemployment Compensation Act, D.C. Code § 46–112(e). *See also* 18 DCRR § 4613.5 (1983) (misconduct may not be presumed); *id.* § 4613.6 (claimant must be given opportunity to cross-examine employer on issue of misconduct). We therefore reverse the decision of the Office of Appeals and Review and remand to the agency for a new hearing before the appeals examiner.

*Reversed and remanded.*