**Alvin E. DOZIER, Petitioner,**

v.

**DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

No. 84–1088.

District of Columbia Court of Appeals.
Argued July 8, 1985.
Decided Oct. 8, 1985.

Michael O. DeMouy, Washington, D.C., for petitioner.

Michael A. Milwee, Washington, D.C., for respondent. Grace Lockett Rosner, Washington, D.C., entered an appearance for respondent.

Before MACK, FERREN, and TERRY, Associate Judges.

TERRY, Associate Judge:

Petitioner seeks review of a decision of the District of Columbia Department of Employment Services denying him unemployment benefits. He contends that because there is no proof that the agency mailed him notice of a hearing on his appeal from the denial of his claim, it erred in denying him benefits on the basis of his failure to appear at the hearing. We agree; accordingly, we reverse the decision and remand the case to the Department for a new hearing.

I

On March 27, 1984, petitioner Alvin Dozier resigned from his employment with Greenwood Moving Company after having worked there for nearly six years. He filed a claim for unemployment benefits on March 29. In his application for benefits, petitioner stated that his supervisor, Helen Allen, had called him on the telephone and accused him of breaking a table. When he denied the accusation, Allen responded in a "very nasty" manner. Petitioner then said, "I chose not to hear this, thus I slammed the phone down and decided to apply for my unemployment. I slammed the phone down and then never returned to that job.... I did voluntarily leave my job there because I do not like Mrs. Allen['s] attitude and the way she treats the men that work for her in general."

A claims examiner, after speaking with Mrs. Allen, wrote in her fact-finding report:

She states: He is a day worker; he argues with customers; his attitude was bad. She states she will no longer pick him up due to his cursing people out etc. anymore. She did not officially terminate him because he was never hired. [Claimant] voluntarily left job; not good cause; Do Not Pay! 10 A penalty.[1]

The claims examiner found that petitioner had voluntarily left his work without good cause and concluded that he should be disqualified for ten weeks from receiving unemployment benefits. This decision was communicated to petitioner on a printed form with blanks filled in by the examiner, who wrote:

You voluntarily left your job with the employer shown above because of personal reasons involving your dissatisfaction with your job. Thus in accord with D.C. Statute Section 10 A, good cause for leaving is not established.

The form stated that petitioner had ten days from the date shown (April 12, 1984) to file an appeal. Petitioner filed an appeal, along with a request for a hearing, on April 17.

The Appeals Section of the Department of Employment Services then prepared a "Notice of Hearing" form, stating that a hearing would be held at 3:00 p.m. on April 30. The form listed petitioner's name and address as he had recorded it on his initial claim form and on his request for a hearing. The form also stated: "Failure of the Applicant ... to appear may result in dismissal of the appeal or other unfavorable Decision." At the bottom of the notice was the typewritten notation "Dated and mailed 4/20/84."

Petitioner failed to appear at the hearing, and thus the appeals examiner dismissed the appeal, making final the claims examiner's decision. The appeals examiner, citing

---

1. "10 A" apparently refers to section 10(a) of the District of Columbia Unemployment Compensation Act, D.C.Code § 46–111(a)(1981), which disqualifies a claimant for a specified period of time from receiving unemployment benefits if he "left his most recent work voluntarily without good cause connected with the work...." Section 10(a) has been amended several times in the last few years. *See Brice v. District of Columbia Department of Employment Services,* 472 A.2d 406, 407–408 n. 2 (D.C.1984). The current version, which appears at D.C.Code § 46–111(a)(1985 Supp.), imposes a ten-week disqualification; that is, a claimant who left his most recent work voluntarily without good cause is not eligible for benefits until he has worked at least ten weeks and earned at least ten times the amount of weekly benefits. *See Brice, supra,* 472 A.2d at 408 n. 4.

the "claim record" as evidence, made the following findings:

> The claimant-appellant, although duly notified of the hearing, did not appear. The notice of hearing stated in pertinent part that failure to appear might result in dismissal of the appeal.

> The available record discloses no reason to change the Deputy's determination.

At the top of the appeals examiner's decision appears the notation "Dated & Mailed: May 16, 1984." In the lower right-hand corner is a statement that the decision "will become final unless an appeal . . . is filed in writing" within ten days from the date of mailing shown at the top of the page.

On May 18 petitioner filed a notice of appeal from the appeals examiner's decision. On the notice petitioner wrote that he "never received no hearing notice." On May 29 he filed a more detailed statement of his grounds for appeal:

> I Alvin Dozier was in the office at 613 [G Street, N.W.] May 29, 1984. They gave me a copy of Mrs. Dorothy W. Jones office. But it's not fair a decision and the Lady Mrs. Wood had been drinking when I was in her office and gave me all those paper to read and I said I was not going to read all them papers. I never got no letter from the hearing people or no ones office about my case. I did come up to 500 C St. [the address of the Department of Employment Services] and ask about a hearing but didn't get one. I'm asking for a fair hearing so that it will help me to better my case. Mrs. Wood keep running in and out of her office after she skip my name 3 or 4 times.[2]

On June 8 the chief of the Office of Appeals and Review sent petitioner a copy of her proposed findings of fact and conclusions of law. They merely adopted the findings of the appeals examiner and noted that "[d]ue consideration has been given to claimant's additional statements [but that]

there is no persuasive reason to change the Appeals Examiner's decision."

Then, for the first time, petitioner obtained an attorney. The attorney filed objections to the proposed findings and, a few days later, a supporting memorandum. Despite his objections, the chief made her proposed findings final on July 31. Counsel then filed the instant petition for review.

## II

Petitioner's principal contention is that there is insufficient record evidence that the agency actually mailed him the notice of the hearing before the appeals examiner, and that the case must therefore be remanded for a new hearing. We hold that this case is controlled by *Thomas v. District of Columbia Department of Employment Services*, 490 A.2d 1162 (D.C.1985), which requires us to reverse the decision under review and remand the case for a new hearing before an appeals examiner.

In the *Thomas* case we held that the "Dated and Mailed" notation on the agency's hearing notice form, followed by a date, "do[es] not constitute proof, in the absence of any certification or description of agency mailing procedures, that any notice was actually mailed." *Id.* at 1164. We therefore concluded that when the record is devoid of any proof of mailing, the agency has not satisfied its obligation to afford the claimant a "reasonable opportunity for fair hearing" as required by D.C.Code § 46–112(e)(1981). *Id.* at 1165. Since the agency had dismissed the case when the claimant failed to appear for the hearing, we remanded it for a new hearing before an appeals examiner.

In the present case, the only indication that the hearing notice was mailed to petitioner was the "Dated and Mailed" notation at the bottom of the notice. Hence, under *Thomas*, there was no proof of mailing. Therefore, given petitioner's allegation that

---

**2.** Mrs. Wood was the original claims examiner; Mrs. Jones was and is the chief of the Office of

Appeals and Review of the Department of Employment Services.

he never received the notice, there must be a new hearing before an appeals examiner. *Thomas, supra; see Town Center Management v. District of Columbia Rental Housing Commission*, 496 A.2d 264, 265 n. 1 (D.C.1985).

The Department contends that our decision in *Thomas* was erroneous because that case was no different from our earlier case of *Carroll v. District of Columbia Department of Employment Services*, 487 A.2d 622 (D.C.1985), in which we affirmed an agency order despite the petitioner's claim that he failed to receive a notice of the hearing. We reject this contention because the *Carroll* case is plainly distinguishable from *Thomas*.

In *Carroll* we held that the petitioner was not denied due process simply because he did not receive notice of the hearing when it was clear that the agency had mailed the notice to him and it was not returned to the agency. 487 A.2d at 624. We noted that due process does not require a notice system that is incapable of error. Rather, we held that in order to satisfy the demands of due process, the notice need only be reasonably designed to notify the person whom the law requires to be notified. *Id.* at 623. The issue of whether there was sufficient proof of mailing was not raised in *Carroll*, and thus we based our due process discussion on the unchallenged premise that "[t]he Board did in fact mail a notice of the hearing date and time to petitioner...." *Id.* at 624. From that premise we went on to find no due process violation. In short, *Carroll* applies only when there is no issue presented as to the sufficiency of the agency's proof of mailing.

In *Thomas*, unlike *Carroll*, no due process issue was raised; Thomas' sole contention was that there was no proof that the agency mailed the hearing notice. We distinguished *Carroll* by pointing out that in *Carroll* "the record evidence before the court was sufficient for it to conclude that '[t]he Board did in fact mail a notice of the

hearing date and time to petitioner' at his listed address." *Thomas, supra*, 490 A.2d at 1164. It was sufficient for us so to conclude because no issue was raised in that regard. We were not called upon in *Carroll* to assess the sufficiency of the evidence of mailing, and hence we did not.

Because the only issue in the *Thomas* case was different from the one decided in *Carroll*, we hold that the two cases are distinguishable from each other and that *Carroll* does not affect our decision here. On the authority of *Thomas*, we reverse the decision of the Department of Employment Services in petitioner's case and remand it for a new hearing before an appeals examiner.[3]

*Reversed and remanded.*

---

**3.** Because of our disposition of this case, we    need not reach petitioner's other contentions.