DISTRICT OF COLUMBIA PUBLIC
EMPLOYEE RELATIONS
BOARD, Appellant,

v.

DISTRICT OF COLUMBIA METRO-
POLITAN POLICE
DEPARTMENT, Appellee.

Fraternal Order of Police/Metropolitan
Police Department Labor
Committee, Intervenor.

No. 88–868.

District of Columbia Court of Appeals.

Argued Jan. 4, 1990.
Decided June 25, 1991.

Christopher A. Hart, Washington, D.C., for appellant.

Susan S. McDonald, Asst. Corp. Counsel, with whom Herbert O. Reid, Sr., Acting Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, were on the brief, Washington, D.C., for appellee.

Robert E. Deso, Washington, D.C., for intervenor.

Before TERRY, Associate Judge, and PRYOR and NEWMAN,* Senior Judges.

NEWMAN, Senior Judge:

The trial court held that it was error for the Public Employee Relations Board (PERB) to dismiss as untimely an Arbitration Review Request filed by the Metropolitan Police Department (MPD) absent a showing of prejudice. Because the time limits for filing appeals with administrative adjudicative agencies are mandatory and jurisdictional, thus obviating any need for a showing of prejudice, the trial court's rationale was erroneous. However, since there was insufficient evidence in the record before PERB to show the *actual* date of

---

* Judge Newman was an Associate Judge at the time of argument. His status changed to Senior

Judge on March 11, 1991.

mailing of the arbitration award, we affirm the trial court's reversal of PERB.

## I

On August 19, 1986, Officer Clark M. Gutterman was dismissed by the Metropolitan Police Department. Pursuant to the collective bargaining agreement between the MPD and Gutterman's labor union, the Fraternal Order of Police/MPD Labor Committee (Union), the American Arbitration Association (AAA) held a hearing regarding Gutterman's termination. By Award dated March 4, 1987, an AAA arbitrator ordered reinstatement of Officer Gutterman.

The Award was mailed by the AAA to MPD and the Union under a cover letter dated March 5, 1987. The Union claimed in the trial court that it received the letter the following day, on March 6. The MPD claims to have received it on March 12th, seven days after the date on the cover letter.

On April 1, 1987, the MPD appealed the Award by filing an Arbitration Review Request at the PERB. The Executive Director of the PERB dismissed the Arbitration Review Request as untimely without considering the merits.[1] The MPD then filed a petition for review of the dismissal in Superior Court. On the grounds that the PERB's dismissal was too harsh in view of the absence of any evidence in the record of prejudice from the MPD's untimeliness, the court below reversed the dismissal and remanded the matter to the PERB for consideration of the appeal on the merits.

## II

■ The PERB Rules regarding appeals deadlines are clear.[2] They provide that (1) "[a]ny party to an arbitration proceeding who is aggrieved by the arbitration award

may file a request for review no later than twenty (20) days after the award is served," PERB Rule 107.2; (2) "[f]iling or service required by these rules may be accomplished personally or by mail or by telegraph," PERB Rule 100.22; (3) "[s]ervice shall be complete upon personal delivery, depositing of the message with a telegraph company, charges prepaid, or depositing the message in the United States mail, properly addressed and stamped," PERB Rule 100.27; (4) "[w]henever a period of time is measured from service of a paper, and service is by mail, three (3) days shall be added to the prescribed period," PERB Rule 100.16; and (5) "In computing any period of time prescribed ... [by the PERB rules], the day of the act, event or default after which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it falls on a Saturday, Sunday or legal holiday, in which event, the period shall run to the next business day." PERB Rule 100.15. Thus, according to the PERB rules, when service of an award is made by mail, as it was in the case before us, a party has 23 days from the date of the mailing to appeal the award. If the 23rd day falls on a Saturday, Sunday or legal holiday, then the party has until the next business day to appeal.

The problem in calculating the deadline for the appeal in this case is that there exists no evidence in the record of the date of mailing. The only definitive proof of mailing to MPD, the postmarked envelope in which the Award was mailed to the MPD, was thrown away by the MPD Assistant General Counsel handling this matter.[3] PERB held that the letter and Award were mailed on March 5th, the date on the cover letter, and that thus March 5th should be considered the date of service. The MPD argued in the trial court and here that the letter and the Award were proba-

---

1. There were no proceedings before PERB (or the Executive Director) on this issue which can serve as an evidentiary record of the date of mailing.

2. The PERB Rules appear in the District Personnel Manual, Part I, *Regulations,* ch. 5.

3. The MPD explains that the Assistant General Counsel working on this case did not retain the envelope because he did not anticipate that timeliness would become an issue.

bly mailed after March 5th, for they were received in the MPD Office of the General Counsel only on March 12th, seven days later.[4] The MPD also points out that on prior occasions the AAA mailed letters and awards after they were dated; thus, it is possible that in this case, the AAA mailed the letter after March 5th. If March 5th is considered the date of service, as the PERB contends should be the case, then the MPD had until March 30th to file the appeal.[5] Since the MPD filed the Arbitration Review Request on April 1st, under this analysis, the appeal was not timely filed.

■ The time limits for filing appeals with administrative adjudicative agencies, as with courts, are mandatory and jurisdictional matters. *See Woodley Park Community Association v. District of Columbia Board of Zoning Adjustment,* 490 A.2d 628, 635 (D.C.1985); *Thomas v. District of Columbia Department of Employment Services,* 490 A.2d 1162, 1164 (D.C. 1985); *Gosch v. District of Columbia Department of Employment Services,* 484 A.2d 956, 958 (D.C.1984); *Goto v. District of Columbia Board of Zoning Adjustment,* 423 A.2d 917, 923 (D.C.1980). The issue of prejudice is irrelevant.

■ Findings of fact and conclusions of law of an agency must be supported by reliable, probative and substantial evidence. D.C.Code § 1–1509(e) (1987 Repl.). Thus, we must determine whether there is reliable, probative and substantial evidence in record before PERB to sustain its findings as to the date of mailing.

*Thomas, supra,* 490 A.2d 1162 (D.C. 1985), is dispositive. There, we held that the mere fact that a document had printed on it "Dated and Mailed," followed by a date, did not constitute proof that the document was in fact mailed on the date stated. We said:

> In this case ... the record evidence is insufficient for us to conclude that either

of the notices at issue were ever in fact mailed to petitioner. Although printed on both forms are words "Dated and Mailed," followed by a date, the mere existence of these forms in the agency file does not constitute proof, in the absence of any certification or description of agency mailing procedures, that any notice was actually mailed.

*Id.* at 1164.

Here, the only evidence of the date of mailing known to PERB was the date of AAA's cover letter. As we did in *Thomas, supra,* we hold that this does not constitute reliable, probative and substantial evidence of the date of mailing.

We note that this problem could have been easily avoided. If AAA had included with the Award a certificate of service certifying the date of *actual* mailing of the Award, there would have existed reliable, probative and substantial evidence, which, unless successfully rebutted, would have supported PERB's ruling. In the absence of such, PERB could have conducted an evidentiary hearing to determine the actual date. Hopefully, steps will be taken, both by AAA and PERB, to prevent this type of occurrence in the future.

*Affirmed.*

---

4. The MPD points to the fact that "March 12, 1987" was stamped on the cover letter and the Award as proof that this is when they arrived at the MPD Office of the General Counsel.

5. The MPD had 23 days from March 5th to appeal (20 days plus 3 days because service was by mail). Since March 28 fell on a Saturday in 1987, the MPD had until the next business day, Monday, March 30th, to appeal.