Dennis O. BOBB, Petitioner,

v.

HOWARD UNIVERSITY HOSPITAL, Respondent.

No. 05–AA–768.

District of Columbia Court of Appeals.

Submitted May 25, 2006.

Decided June 8, 2006.

Dennis O. Bobb filed a brief pro se.

Leroy T. Jenkins was on the brief for appellee.

Before GLICKMAN and FISHER, Associate Judges, and KING, Senior Judge.

FISHER, Associate Judge:

Petitioner's claim for unemployment benefits was denied, and the Office of Administrative Hearings ("OAH") dismissed his administrative appeal as untimely. Because the record is insufficient to support that conclusion, we reverse and remand for further proceedings.

## I.

On January 14, 2004, a Claims Examiner of the District of Columbia Department of Employment Services determined that petitioner was ineligible for unemployment benefits because he had left his job voluntarily without good cause. *See* D.C.Code § 51–110(a) (2001). The examiner authorized issuance of the decision by signing her name on the line provided. Immediately below that signature appear the following words printed on the form: "I certify that a copy of this document was mailed to the employer/claimant named herein at the above address on...." The date "01–14–04" has been typed in the space that follows, but no signature has been added on the line provided to verify that mailing occurred on that date.

OAH received petitioner's request for a hearing on March 17, 2005, more than a year later. Petitioner explained that he had received the determination letter on March 11, 2005, and attached the envelope in which it was mailed, postmarked March 10, 2005. The words "File Copy" appear on the determination letter he received.

OAH issued an Order to Show Cause why the appeal should not be dismissed as untimely, pointing out that the request for a hearing had been filed well beyond the ten-day period allowed for requesting an administrative appeal. D.C.Code § 51–111(b) (2001). In response, petitioner stated that he had never received the original decision and did not receive a duplicate of the File Copy until March 11, 2005. In its Final Order issued on June 24, 2005, OAH dismissed the appeal for lack of jurisdiction, reciting that the determination had been served on January 14, 2004, and that petitioner had not requested a hearing within ten days of service.

## II.

■ As OAH explained in its decision, we frequently have held that the ten-day period provided for administrative appeals under the Unemployment Compensation Act is jurisdictional, and failure to file within that period divests an administrative tribunal of jurisdiction to hear the appeal. *See, e.g., Lundahl v. District of Columbia Dep't of Employment Servs.,* 596 A.2d 1001, 1002–03 (D.C.1991) (citing cases). However, "a prerequisite to invoking this jurisdictional bar is the agency's 'obligation of giving notice which was reasonably calculated to apprise petitioner of the decision of the claims deputy and an opportunity to contest that decision through an administrative appeal.'" *Thomas v. District of Columbia Dep't of Employment Servs.,* 490 A.2d 1162, 1164 (D.C.1985) (quoting *Gosch v. District of Columbia Dep't of Employment Servs.,* 484 A.2d 956, 957 (D.C.1984)). The statute specifically permits giving such notice by mail, D.C.Code § 51–111(b) (2001); *see Hilliard v. Adecco USA, Inc.,* 897 A.2d 790 (D.C.2006), but the agency has not fulfilled its obligation unless mailing actually occurs.

The facts in *Thomas* are very similar to those presented here. The examiner's decision denying benefits was stamped "Dated & Mailed 28 Oct. 1983," but Mr. Thomas denied having received it. We held that "the mere existence of th[is] form[ ] in the agency file does not constitute proof, in the absence of any certification or description of agency mailing procedures, that any notice was actually mailed." 490 A.2d at 1164. "In light of the agency's failure to demonstrate proof of notice, we decline[d] to conclude that petitioner was jurisdictionally barred from appealing" the decision denying benefits. *Id.*

We followed the *Thomas* decision in *Dozier v. Dep't of Employment Servs.*, 498 A.2d 577 (D.C.1985), where the bottom of a notice contained "the typewritten notation 'Dated and mailed 4/20/84.'" *Id.* at 578. Mr. Dozier denied receiving the notice, and we held that the notation was inadequate to prove that the notice had actually been mailed.

 In this case we similarly have a typewritten date inserted at the end of two pre-printed lines designed to be part of a certificate of service. However, no signature has been affixed, so there is no certification of mailing. "Further, the record is devoid of any explanation of the internal agency mailing process." *Thomas*, 490 A.2d at 1164. Under these circumstances, OAH's conclusion that the determination was "served on January 14, 2004" is "[u]nsupported by substantial evidence in the record of the proceedings before the Court." D.C.Code § 2–510(a)(3)(E) (2001). *See Kidd Int'l Home Care, Inc. v. Dallas*, No. 05–AA–130, —— A.2d —— (D.C. June 8, 2006).

Accordingly, we reverse and remand for further proceedings. In doing so, we do not preclude further consideration of the issue of jurisdiction. It is possible that the Department of Employment Services will be able to establish at an evidentiary hearing that the determination letter was mailed on or about the date indicated. However, the existing record is insufficient to establish that the decision was mailed to petitioner before March 10, 2005.

*Reversed and remanded.*