Samar **CHATTERJEE**, Petitioner,

v.

**MID ATLANTIC REGIONAL COUNCIL OF CARPENTERS, Respondent.**

Nos. 06–AA–799, 07–AA–7.

District of Columbia Court of Appeals.

Submitted March 25, 2008.

Decided April 18, 2008.

---

Samar Chatterjee, pro se.

Brian F. Quinn filed a brief for respondent.

Before FARRELL and FISHER, Associate Judges, and STEADMAN, Senior Judge.

FISHER, Associate Judge:

Petitioner Samar Chatterjee asks us to review a decision by the Office of Administrative Hearings ("OAH") dismissing his administrative appeal for lack of jurisdiction. Although she specifically "credit[ed] [Mr. Chatterjee's] testimony that [he] did not receive the [notice of his ineligibility for unemployment compensation] until after it was too late for him to file a timely appeal," the Administrative Law Judge ("ALJ") found that his "testimony [did] not provide a basis for overcoming the presumption 'that correspondence mailed and not returned to the agency is received,' " quoting *McCaskill v. District of Columbia Dep't of Employment Servs.*, 572 A.2d 443, 445 (D.C.1990). Because the ALJ failed to resolve disputed issues of material fact relating to OAH's jurisdiction, we reverse and remand for further proceedings. *See Rodriguez v. Filene's Basement Inc.*, 905 A.2d 177, 180 (D.C.2006) (OAH must make "findings of fact on each materially contested issue of fact").

I.

The Mid Atlantic Regional Council of Carpenters ("MARCC") discharged Mr. Chatterjee on May 17, 2006. When he applied for unemployment benefits, the District of Columbia Department of Employment Services ("DOES") determined that he was disqualified because he had been discharged for misconduct. The DOES claims examiner wrote:

> You were discharged from your job with your most recent employer for failure to follow instructions by your supervisor. Failure to comply with the request of your supervisor shows a disregard of the employer's best interest. Therefore, it is considered that you were discharged for misconduct occurring in your most recent work. Gross misconduct has been established.

Near the bottom of that same form, the claims examiner "certif[ied]" that a copy of this document was mailed to the employer/claimant at the above address on 6/13/2006."

Included with the determination was a notice of appeal rights, informing Mr. Chatterjee that a request for a hearing must either be **POSTMARKED** by the U.S. Postal Service ... or **ACTUALLY RECEIVED** by the Office of Administrative Hearings within **ten (10) calendar days (including weekends and holidays) of the mailing date** of the claims

examiner's determination that you are appealing, or, if this determination was not mailed to you, within ten (10) calendar days (including weekends and holidays) of actual delivery of this determination. [ (Emphasis in original.) ]

Ten days after the purported mailing date would have been June 23, 2006. OAH received his request for a hearing on July 3, 2006, in an envelope postmarked June 30, 2006. At the bottom of his request, Mr. Chatterjee noted in handwriting that he "received the attached Determination only on June 27, 2006."

At a hearing on December 14, 2006, the ALJ considered whether OAH lacked jurisdiction because the request for a hearing had been filed too late. She questioned Mr. Chatterjee about when he received the determination form, and noted that his envelope was postmarked on June 30, 2006, seven days beyond the ostensible deadline for filing. Mr. Chatterjee reiterated that he had not received the determination form until June 27. (He did not keep the envelope in which it arrived.) When pressed for an explanation of why it took so long for him to receive the form, Mr. Chatterjee suggested two possibilities: (1) "the mail has often been ... late on certain things[,]" and (2) "whatever they indicate that they're posting, they don't really post them on that particular date." After taking the jurisdictional question under advisement, the ALJ heard evidence on the issue of misconduct.

The ALJ issued a Final Order on December 26, 2006, holding that OAH did not have jurisdiction to rule upon petitioner's challenge to the finding that he had been discharged for misconduct.[1] Although the ALJ believed Mr. Chatterjee's claim that he did not receive the determination until June 27, 2006, "after it was too late for him to file a timely appeal," she nevertheless found that this "testimony does not provide a basis for overcoming the presumption 'that correspondence mailed and not returned to the agency is received.'" *See McCaskill,* 572 A.2d at 445. The determination form included "an executed certificate of service [ (described above) ] from the Claims Examiner, certifying that she mailed the Determination to the Claimant at his last-known address on June 13, 2006." Mr. Chatterjee "did not dispute that this was his address at the time of mailing," nor did he assert that there was "any ambiguity in the Determination." Because the request for a hearing was neither postmarked nor received within ten days after June 13, 2006, the ALJ dismissed the appeal for lack of jurisdiction. Mr. Chatterjee filed a timely petition for review in this court.

## II.

 Our decisions repeatedly have affirmed the rule that "'[t]he ten day period provided for [administrative] appeals under the Unemployment Compensation Act ... is jurisdictional, and failure to file within the period prescribed divests the agency of jurisdiction to hear the appeal.'" *Calhoun v. Wackenhut Servs.,* 904 A.2d 343, 345 (D.C.2006) (quoting *Lundahl v. District of Columbia Dep't of Employment Servs.,* 596 A.2d 1001, 1002 (D.C.1991)). We do not retreat from those holdings today, but "a prerequisite to the jurisdictional bar is notice to the claimant of the

---

1. The Final Order also addressed Mr. Chatterjee's appeal of a separate DOES decision finding him ineligible for unemployment benefits because he had not earned sufficient wages in his base period to qualify. The ALJ found that Mr. Chatterjee had met his burden of proof and reversed the DOES determination on that issue. Neither party has challenged this aspect of the ALJ's decision.

decision and of any right to an administrative appeal of the decision." *Id.* (citing *Lundahl,* 596 A.2d at 1003). Moreover, the period for noting an appeal does not begin to run when the order is issued. According to the express language of the statute, "such determination shall be final within 10 days *after the mailing of notice thereof* to the party's last-known address or in the absence of such mailing, within 10 days of actual delivery of such notice." D.C.Code § 51–111(b) (2001) (emphasis added).

Strictly speaking, this case does not involve the presumption of receipt described in *McCaskill* and cited by the ALJ. Petitioner acknowledges that he received the form notifying him that his claim had been denied. The crucial question is whether that form was mailed on the date shown in the certificate of service.

We normally rely upon a certificate of service to establish the date and fact of mailing, *see, e.g., District of Columbia Public Employee Relations Board v. District of Columbia Metropolitan Police Dep't,* 593 A.2d 641, 643 (D.C.1991) (noting that "a certificate of service certifying the date of *actual* mailing" provides "reliable, probative and substantial evidence" of the date of mailing (emphasis in original)); *Thomas v. District of Columbia Dep't of Employment Servs.,* 490 A.2d 1162, 1164 (D.C.1985) (absent certificate of service or a description of agency mailing procedures, record was insufficient to support conclusion that notice was mailed), but even a properly executed certificate of service is not conclusive. *See McDaniels v. Brown,* 740 A.2d 551, 553 (D.C.1999) ("Notwithstanding the certificate of mailing ..., it appears that copies of the document may not have been mailed at all...."); *District of Columbia Public Employee Relations Board,* 593 A.2d at 643 (certificate provides reliable evidence

of actual mailing "unless successfully rebutted"). When a party offers sufficient evidence to call the date of mailing into question, the ALJ must conduct a factual inquiry in order to evaluate the timeliness of an appeal. *See Bobb v. Howard University Hospital,* 900 A.2d 166, 168 (D.C.2006) (DOES must "establish at an evidentiary hearing that the determination letter was mailed on or about the date indicated"); *District of Columbia Public Employee Relations Board,* 593 A.2d at 643 ("PERB could have conducted an evidentiary hearing to determine the actual date").

In this case, the ALJ explicitly credited Mr. Chatterjee's testimony that he did not receive the notice until June 27, 2006. This finding in turn raised two possibilities. If the determination form was, indeed, mailed on June 13, as certified, then it took two full weeks for the Postal Service to deliver it within the District of Columbia. This would be an extraordinary delay, although not, perhaps, unprecedented. The other possibility is that the form was not actually mailed on June 13. Perhaps, as Mr. Chatterjee suggested, "whatever they indicate that they're posting, they don't really post them on that particular date." Under these circumstances, it was incumbent upon OAH to resolve this question of fact. There would only be a jurisdictional bar if petitioner filed his request for a hearing more than ten days after the determination was actually mailed. "Service by mail must be accomplished so as to allow delay only within the official channels of the United States mail, not through inter-office or other institutional delays." *Neuman v. Neuman,* 377 A.2d 393, 398 (D.C.1977).

The present record is not sufficient to resolve this question. It "does not disclose whether [on the date indicated] the claims examiner's determination was placed in a DOES outbox from which mail is collected,

or whether it was physically placed in the United States Mail." *Rhea v. Designmark Service, Inc.,* 942 A.2d 651, 655 (D.C.2008). There is no other description of agency mailing practices. *See Thomas,* 490 A.2d at 1164. Accordingly, we remand for an evidentiary hearing.

It may appear unlikely that the claim determination form languished at DOES for so long that petitioner's request for a hearing was postmarked within ten days after the form was actually mailed, but it is not for us to make that decision. *See Colton v. District of Columbia Dep't of Employment Servs.,* 484 A.2d 550, 552 (D.C.1984) ("If the agency fails to make a finding on a material, contested issue of fact, this court cannot fill the gap by making its own determination from the record, but must remand the case for findings on that issue."). Because petitioner's testimony, credited by the ALJ, fairly called into question the accuracy of the certificate of service, OAH must engage in a factual inquiry to establish whether the "determination letter was mailed on or about the dated indicated." *See Bobb,* 900 A.2d at 168.

### III.

For the reasons discussed, we reverse the OAH decision and remand for proceedings not inconsistent with this opinion. In light of the ALJ's finding that Mr. Chatterjee received the determination on June 27, 2006, the dismissal of his appeal on jurisdictional grounds "may stand only if additional proof, beyond the certificate itself, establishes that the appeal was in fact untimely." *See Rhea,* 942 A.2d at 656.

*Reversed and remanded.*