*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-AA-66

THOMAS L. MERIEDY, PETITIONER,

V.

TENLEYTOWN TRASH, RESPONDENT.

On Petition for Review of an Order of the
District of Columbia Office of Administrative Hearings
(2020-DOES-04789)

(Arabella W. Teal, Administrative Law Judge)

(Submitted November 19, 2021                    Decided February 10, 2022)

*Thomas L. Meriedy*, pro se.

Respondent Tenleytown Trash did not file a brief.

*Jonathan H. Levy* and *Mariah Hines*, Legal Aid Society for the District of Columbia, filed a brief in support of petitioner as *amicus curiae*.

Before EASTERLY, MCLEESE, and DEAHL, *Associate Judges*.

DEAHL, *Associate Judge*:  Thomas Meriedy appeals an order by the District of Columbia Office of Administrative Hearings (OAH) reversing a determination by the District of Columbia Department of Employment Services (DOES) that Meriedy

was eligible for unemployment benefits. Meriedy was not present at the OAH hearing leading to that ruling, and he complains that he did not receive the required notice in advance of the proceeding. We agree that the record does not support a finding that Meriedy received the notice required to afford him a "reasonable opportunity for fair hearing," D.C. Code § 51-111(e) (2021 Repl.), and we vacate the ALJ's orders and remand for a new hearing.

## I.

A DOES claims examiner determined that Meriedy was eligible for unemployment benefits following his separation from employment with Tenleytown Trash. Tenleytown Trash appealed the determination to OAH. On November 23, 2020, OAH issued a scheduling order setting a telephonic hearing fifteen days out, for December 8, 2020.[1] Attached to the scheduling order was a certificate of service, stating that copies of the scheduling order were sent to the parties by first class mail. However, the certificate was not dated. In the portion of the certificate reserved for

---

[1] At that time, OAH hearings were conducted remotely, consistent with the public emergency and public health emergency Mayor Muriel Bowser had declared earlier that year in response to the COVID-19 pandemic. *See* Mayor's Order 2020-45: Declaration of Public Emergency: Coronavirus (COVID-19), Off. of the Mayor (Mar. 11, 2020); Mayor's Order 2020-46, Declaration of Public Health Emergency: Coronavirus (COVID-19), Off. of the Mayor (Mar. 11, 2020).

a date, there is only a wavy line. The certificate thus provides no indication of when the notice was sent.

As the scheduling order indicated, an OAH Administrative Law Judge (ALJ) held a hearing in Meriedy's case on December 8, 2020. Meriedy was not present, though a representative for Tenleytown Trash was. The ALJ reviewed the scheduling order and certificate of service and concluded that Meriedy "did receive notice of the hearing, and it did contain all the information necessary for him to access the hearing." The ALJ then proceeded with the hearing despite Meriedy's absence, permitting Tenleytown Trash to present its unrebutted evidence. The following day, on December 9, 2020, the ALJ issued her ruling reversing DOES and concluding that Meriedy was disqualified from receiving unemployment benefits because he had been terminated for gross misconduct.

The next day, Meriedy sent an email to OAH stating that he had not received the scheduling order until December 9 (the day after the hearing) and requesting that the hearing be rescheduled.[2] That same day, the ALJ issued an order construing

---

[2] When Meriedy made this first request for a new hearing, he had not yet received the December 9 ruling, which was sent to him "by first class mail." That lends some support to his consistent assertions that he did not receive advance notice of the hearing, because for all he knew the result of the hearing was a favorable one.

Meriedy's email as a "motion for reconsideration/new hearing," 1 D.C.M.R. § 2828.3 (2022), and denying it without prejudice. In explaining her reasons for denying Meriedy's request, the ALJ cited to a regulation granting her discretion, when faced with a timely motion for reconsideration, to schedule a new hearing "for any reason" "where substantial justice requires," 1 D.C.M.R. § 2828.5, including when "[t]he party filing the motion did not attend the hearing, has a good reason for not doing so, and states an adequate claim or defense." 1 D.C.M.R. § 2828.5(a). The ALJ noted that Meriedy's email was "silent about what information, if any, he could present at a hearing that would lead [her] to conclude that [Meriedy] was discharged . . . for reasons that do not meet the legal definition of gross misconduct." She then instructed Meriedy that any future motion for a new hearing must include information that, "if presented as evidence" and "considered in the light most favorable to [Meriedy]," could lead the ALJ to conclude that he was not fired for gross misconduct, contrary to her earlier finding.

Meriedy sent a second email a few days later on December 13, 2020. He reiterated that he "did not receive timely notification of th[e] hearing" and again asked for a new hearing, indicating that going forward with the hearing "without [his] participation, by phone or in person, [was] unreasonable . . . unfair and unjust." Eight days later, on December 21, 2020, the ALJ again construed Meriedy's email

as a motion for reconsideration or for a new hearing and denied it, admonishing Meriedy that:

> Filing motions without addressing the requirements to obtain the relief sought when detailed instructions about those requirements are available is a pointless waste of resources needed to address meritorious issues. Further filings that do not comply with the December 10, 2020, Order will be placed in the case file without further action.

Meriedy sent a third email two days later, once again stating that he had not received notice of the hearing, and this time laying out evidence to substantiate his claim that he had not committed gross misconduct that would justify his termination, and stating that Tenleytown Trash's account was "inaccurate and false." The ALJ took no action in response to Meriedy's third email, presumably concluding that it did not "comply with the December 10, 2020, Order" so that it did not merit further action.

Meriedy filed a petition for review with this court. The Legal Aid Society of the District of Columbia filed an amicus brief in support of Meriedy, citing as its interest in the case that it "is particularly interested in ensuring that indigent unemployed individuals receive fair treatment at the administrative level under this Court's precedents." Tenleytown Trash filed a notice indicating that it would not file a brief in defense of the ALJ's ruling.

**II.**

The Office of Administrative Hearings is empowered to "affirm or modify" an initial determination of the Department of Employment Services only "after affording the parties reasonable opportunity for fair hearing." D.C. Code § 51-111(e). To satisfy this requirement, OAH is required to provide advance "written notice of the hearing . . . to all interested parties." 7 D.C.M.R. § 306.3 (2022). When a party claims they did not receive notice of a hearing, the agency has the burden of establishing that it provided the required notice. *See Dozier v. District of Columbia Dep't of Emp't Servs.*, 498 A.2d 577, 580 (D.C. 1985); *Thomas v. District of Columbia Dep't of Emp't Servs.*, 490 A.2d 1162, 1164-65 (D.C. 1985); *see also Carroll v. District of Columbia Dep't of Emp't Servs.*, 487 A.2d 622, 624 (D.C. 1985).

In *Thomas*, a claimant failed to appear at an administrative appeal hearing and then appealed the resulting order, claiming he had never received notice of the hearing. 490 A.2d at 1163. The record included a "Notice of Hearing," which itself included the printed words "Dated and mailed 10/7/83." *Id*. We found that the mere presence of the printed date did "not constitute proof, in the absence of any certification or description of agency mailing procedures, that [the form] was

actually mailed," *id.* at 1164, and remanded for a new hearing. *Id.* at 1165. Likewise, in *Dozier*, we remanded for a new hearing where the petitioner claimed not to have received notice of an agency hearing, and "the only indication that the hearing notice was mailed to petitioner was the 'Dated and Mailed' notation at the bottom of the notice," sans "any certification or description of agency mailing procedures." 498 A.2d at 579.

This case is slightly different from *Thomas* and *Dozier* in that the scheduling order here was accompanied by a certificate of service, and Meriedy concedes he eventually received the order, albeit after the hearing occurred. But we do not think that is a meaningful difference. While the scheduling order was clearly mailed at some point, the certificate of service does not indicate when it was sent as there is nothing but a wavy line in the space designated for a date. Therefore, it cannot satisfy OAH's burden of establishing that the agency provided advance notice of the hearing. The undated certificate of service does nothing to undermine Meriedy's claim that he did not receive the scheduling order until after the hearing occurred. And the date on the scheduling order itself is not sufficient to warrant an inference that it was mailed on that same date. *See Thomas*, 490 A.2d at 1163-65 (insufficient notice despite notice being printed with the words "Dated and mailed 10/7/83"); *District of Columbia Pub. Emp. Rels. Bd. v. District of Columbia Metro. Police*

*Dep't*, 593 A.2d 641, 643 (D.C. 1991) (finding that a dated cover letter is insufficient to prove the date it was mailed), *abrogated on other grounds by Baldwin v. District of Columbia Off. of Emp't Appeals*, 226 A.3d 1140, 1143 n.6 (D.C. 2020).

As we said in *Thomas*, "[i]f the agency failed to mail notice . . . the agency cannot be said to have afforded petitioner a 'reasonable opportunity for fair hearing.'" 490 A.2d at 1164-65 (citing the predecessor to D.C. Code § 51-111(e)). The same reasoning applies where the agency fails to mail notice with enough lead time for a party to receive it prior to the hearing. Here, based on the record evidence, there is insufficient basis to conclude that OAH mailed the notice with sufficient lead time for Meriedy to have received it prior to the hearing. Therefore, Meriedy was not provided the statutorily required "reasonable opportunity for fair hearing," D.C. Code § 51-111(e), and he is entitled to a new hearing.

*Carroll* does not suggest a different conclusion. In that case, we concluded that an agency had carried its burden to show that it provided adequate notice of a hearing, despite petitioner's protests that he had never received it, when (1) it was uncontested that the agency mailed the notice ten days in advance, (2) to the address on file that "petitioner had consistently listed . . . as his home address," (3) that notice "was never returned by the postal service," and (4) subsequent mail sent to that same

address was received by petitioner. 487 A.2d at 623-24. Unlike in *Carroll*, the evidence here is deficient as to the first point: there is no evidence of when the scheduling order was sent to Meriedy. When it comes to providing notice of a hearing, timing is of course critical. Where a party claims to have received notice of a hearing only after the fact, an agency cannot carry its burden to establish that advance notice was provided without some proof of when the notice was sent. *Cf. Town Ctr. Mgmt. v. District of Columbia Rental Hous. Comm'n*, 496 A.2d 264, 266 (D.C. 1985) (finding, in another context, "that the burden is on the agency to provide proof of the actual date of mailing"). That was lacking here.[3]

The ALJ, in denying Meriedy's multiple requests for a new hearing, cited 1 D.C.M.R. § 2828.5(a) for the proposition that Meriedy was entitled to reconsideration only if he "state[d] an adequate claim or defense." There are two distinct flaws with that view. First, as we explained in *Johnson v. Precision Sys., Inc.*, the grounds for scheduling a new hearing listed in § 2828.5 are illustrative

---

[3] We note that Tenleytown Trash's decision not to participate in the proceedings before this court also supports a decision in Meriedy's favor. *See Kidd Int'l Home Care, Inc. v. Prince*, 917 A.2d 1083, 1088 (D.C. 2007) (Where a party "represents, without contradiction, that it did not receive notice of the hearing," it is "appropriate to include in our calculus [the opposing party's] failure to file a brief, to appear for oral argument, and to participate at all in the proceedings before this court."); *see also Johnson v. Precision Sys., Inc.*, 264 A.3d 1177, 1182 n.5 (D.C. 2021).

rather than exhaustive. 264 A.3d at 1180 ("The ALJ's misinterpretation of her authority to grant reconsideration is in itself a basis for remand."). Second, § 2828.5(a) is inapposite where the agency failed to provide timely notice, and instead bears on those situations where notice was provided but the party nonetheless missed the hearing for some alternative "good reason." 1 D.C.M.R. § 2828.5(a). When OAH has not provided the parties with the required notice, it does not have authority to review DOES determinations, rendering § 2828.5(a) beside the point. *See* D.C. Code § 51-111(e) (appeal tribunal can only conduct its review "after affording the parties reasonable opportunity for fair hearing"). Failure to provide the statutorily required notice is an independent basis that—standing alone, regardless of whether an adequate claim or defense has been stated—requires the scheduling of a new hearing. *See Thomas*, 490 A.2d at 1164-65 (remanding for new hearing due to lack of required notice without examining merits of claim); *Dozier*, 498 A.2d at 580 (same).

Moreover, while the ALJ erred in requiring Meriedy to satisfy the conditions of § 2828.5(a), Meriedy nonetheless did so here. After briefing was concluded in this appeal, we held in another case that § 2828.5(a)'s condition that a movant "state[] an adequate claim or defense" to merit reconsideration—the only deficiency the ALJ noted in her request for reconsideration—does not require the movant to

demonstrate a likelihood of success, but only to "provide reason to believe vacating the judgment will not be an empty exercise or a futile gesture." *Johnson*, 264 A.3d at 1181. We further held that "success before [] DOES is 'sufficient to satisfy that requirement.'" *Id.* (citing *Frausto v. U.S. Dep't of Commerce*, 926 A.2d 151, 157-58 (D.C. 2007)). Here, Meriedy succeeded before DOES. Thus, contrary to the ALJ's sole reason for rejecting Meriedy's request for a new hearing, Meriedy did "state[] an adequate claim or defense" in support of his motion for reconsideration. Ultimately, the agency's failure to rebut Meriedy's contention that he did not receive advance notice of the hearing is grounds enough for us to vacate the ALJ's order and remand, but we note this additional error in the ALJ's application of § 2828.5(a).

## III.

We vacate the ALJ's orders and remand with instructions to schedule a new hearing.

*So ordered.*