**Marie A. RILEY, Petitioner,**

v.

**DISTRICT OF COLUMBIA UNEMPLOY-
MENT COMPENSATION BOARD,
Respondent.**

**No. 5679.**

District of Columbia Court of Appeals.

Argued May 18, 1971.

Decided June 29, 1971.

Richard E. Carter, Washington, D. C., for petitioner.

George A. Ross, Washington, D. C., with whom F. G. Gordon, Jr. and Russell L. Carter, Washington, D. C., were on the brief, for respondent.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

PER CURIAM:

On October 15, 1970, petitioner filed a claim for unemployment benefits with respondent District of Columbia Unemployment Compensation Board and thereafter, on October 29, the Board mailed her the initial determination of its claims deputy that she was disqualified from receiving unemployment benefits for a minimum period of five weeks. Petitioner received this initial determination on October 31 and filed her appeal therefrom on November 10, 1970. The appeals examiner's decision dismissing the appeal as untimely filed was subsequently affirmed by the Board. We reverse.

The Unemployment Compensation Act [1] provides in pertinent part:

(b) Promptly after an individual has filed a claim for benefits, an agent of the Board designated by it for such purpose shall make an initial determination * * * with respect to whether or not

---

4. D.C.Code 1967, § 23–105 (Supp. II, 1969) also enlarged the prosecutor's right of appeal from suppression orders.

1. D.C.Code 1967, § 46–311(b).

such benefit may be payable, \* \* \* The claimant and other parties to the proceedings shall be promptly *notified* of the initial determination or any amended determination and the reasons therefor. \* \* \* The claimant or any party to the determination may file an appeal from such initial determination or from a reconsideration of such determination *within ten days after notification thereof, or after the date such notification was mailed to his last known address.* \* \* \* (Emphasis added.)

Petitioner's claim is that her appeal was timely filed because the ten-day period for appeal ran from October 31, the day she received notice of the Board's initial determination. The Board insists that October 29, the date of mailing, controls.

In District Unemployment Compensation Board v. Wm. Hahn & Co., 130 U.S.App. D.C. 254, 399 F.2d 987 (1968), the court was faced with an analogous problem. There an employer attempted to appeal an award of benefits to a former employee. A notice that a claim had been filed, setting forth the employer's potential liability, was mailed to the employer on March 6. A subsequent notice that the Board had paid the employee his first weekly benefit was mailed to and apparently received by the employer on March 14. An appeal was filed on March 23, seventeen days after the mailing of the first notice and nine days after the mailing and receipt of the second. The Board held the appeal untimely, but our Circuit Court of Appeals, in affirming the decision of the District Court,[2] disagreed. It said at 256, 399 F.2d at 989:

> The statute makes clear that the ten-day notice period does not begin to run until the interested parties have been *notified* that the claimant is eligible for payments. Appellee *received* such notification, *inter alia,* on March 14, in the letter stating that the Board had paid Cockrell his first weekly payment. It filed an appeal nine days after *receiving* this letter. Thus, its appeal was timely. (Emphasis added.)

The holding in *Hahn* is persuasive in the circumstances of the case before us where it is the claimant who sought to pursue an appeal from the decision of the claims deputy. While it is true that petitioner's appeal was filed twelve days after the initial determination of disqualification was mailed to her on October 29, it was on October 31 that she received notification of the initial determination. Thus her appeal, filed ten days later, was timely and the Board was in error in holding to the contrary.

Reversed and remanded.

2. Prior to the enactment of the District of Columbia Administrative Procedure Act, D.C.Code 1967, § 1–1501 et seq. (Supp. IV, 1971), appeals from decisions of the District of Columbia Unemployment Compensation Board were to the United States District Court, D.C.Code 1967, § 46–312. The Administrative Procedure Act superseded any law and/or procedure in conflict therewith (§ 1–1501), and provided that appeals should henceforth be to the District of Columbia Court of Appeals, (§ 1–1510). *See* Woodridge Nursery School v. Jessup, D.C.App., 269 A.2d 199 (1970). We must therefore conclude that the purported amendments to § 46–312 contained in the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, tit. I, §§ 155(c) (44) (C), 163(j) (2), 84 Stat. 573, 583, approved July 29, 1970; D.C. Code 1967, § 46–312 (Supp. IV, 1971) providing that appeals from the Board be to the Superior Court, are an ineffective attempt to amend a statute which has been superseded.