**George GASKINS, Sr., Petitioner,**

v.

**DISTRICT UNEMPLOYMENT COMPEN- SATION BOARD, Respondent.**

**No. 7194.**

District of Columbia Court of Appeals.

Argued Dec. 5, 1973.

Decided Feb. 21, 1974.

Alan D. Wiener, Law Student, appointed by the court, with whom Dudley R. Williams, Washington, D. C., was on the brief, for petitioner.

Russell L. Carter, Washington, D. C., with whom George A. Ross and Bill L. Smith, Washington, D. C., were on the brief, for respondent.

Before KELLY and GALLAGHER, Associate Judges, and QUINN, Associate Judge, retired.

QUINN, Associate Judge, retired:

Petitioner seeks review from a final decision of the District of Columbia Unemployment Compensation Board. That decision affirmed a dismissal of petitioner's administrative appeal from a determination that he received benefits to which he was not entitled.

For a number of weeks during the summer of 1971, petitioner Gaskins was a recipient of unemployment compensation benefits. Some fourteen months later, on October 24, 1972, a tentative determination that he was overpaid $146.00 because of unreported earnings during two of those weeks was mailed to his home. The notice stated that the determination would be final unless a request for redetermination of appeal was filed in 10 days. On November 6, 1972, Gaskins sought to appeal the determination. The Appeals Examiner dismissed the appeal on the ground that it was not filed within the 10-day appeal period as set out in D.C.Code 1973, § 46–311(b).[1] On February 6, 1973, the Board affirmed the decision of the Appeals Examiner, setting forth its Proposed Findings of Fact and Decision, while again indicating that claimant had 10 days in which to note any objection thereto.

On February 15, 1973, claimant filed a timely appeal of that decision in which he explained to the Board that his initial failure to file his appeal within the prescribed time period was due to an uncommon occurrence in his household—the recent death of petitioner's wife. He further stated that the October 24 letter containing the tentative determination arrived in the aftermath of this family tragedy and was inadvertently left unopened, along with other mail. The date it was finally opened, November 6, 1972, was the day the appeal was filed. Despite these understandable reasons, the Board affirmed the Appeals Examiner's decision on February 20, 1973. In so doing the Board made a twofold finding. First, it reiterated the fact that claimant did not file a timely appeal. In addition, it was stated that after giving due consideration to Gaskins' plea, the Board was of the opinion that he had "failed to state a reasonable excuse for failing to respond to the determination within the allotted period." It is from that decision that claimant seeks review.

It is undisputed that petitioner filed his appeal from the initial determination three days beyond the ten-day time limit for filing such an appeal. Nevertheless, he asserts his appeal was timely filed and relies upon this court's holding in Riley v. District of Columbia Unemployment Compensation Board, D.C.App., 278 A.2d 691 (1971). In that case it was held that the ten-day period for filing an appeal from an initial determination of the Board ran from the date on which the claimant received notification of such determination and not from the date on which it was mailed out. When that opinion was written, however, the controlling statute, D.C. Code 1967, § 46–311(b), did not read as it does today. In pertinent part it provided than an appeal could be filed ". . . within ten days after notification thereof, or after the date such notification was mailed to his last known address." Subsequent to *Riley*, § 46–311(b) was amended so as to provide that only in the *absence* of mailing would the actual date of delivery be used. Reliance on *Riley*, therefore, is misplaced.

In view of the amendment[2] the Board has no authority to extend the ten-day limitation time set forth in the Act and, therefore, the decision of the Board must be affirmed.

1. That Code provision necessitates that such a determination ". . . shall be final within 10 days after the mailing of notice thereof to the party's last known address or in the absence of such mailing, within 10 days of actual delivery of such notice."

2. Act of Dec. 22, 1971, Pub.L. No. 92–211, § 2(40), 85 Stat. 756, 771, amending D.C. Code 1967, § 46–311(b).