Clarence **WORRELL**, Petitioner,

v.

**DISTRICT UNEMPLOYMENT COMPENSATION BOARD**, Respondent.

No. 12194.

District of Columbia Court of Appeals.

Submitted Jan. 9, 1978.

Decided Feb. 10, 1978.

Clarence Worrell pro se.

Russell L. Carter, Bill L. Smith, Robert J. Hallock, Washington, D. C., and Earl S. Vass, Jr., Richmond, Va., were on the brief for respondent.

---

Before KELLY, HARRIS and FERREN, Associate Judges.

FERREN, Associate Judge:

Petitioner Clarence Worrell asks this court, pursuant to its authority under D.C. Code 1977 Supp., § 46–312, to vacate a decision by the District Unemployment Compensation Board (the "Board"). The Board dismissed, as untimely, petitioner's appeal from a determination by one of the Board's Claims Deputies disqualifying him from receiving benefits for a period of five weeks. We affirm.

## I.

On October 19, 1976, petitioner Worrell and his last employer, the Marriott Corp., were notified by mail that petitioner was to receive a five-week disqualification on the ground that Marriott had discharged him for misconduct. D.C.Code 1973, § 46–310(b). Within ten days of the mailing of this notice, Marriott filed an appeal of the determination on grounds not disclosed by the record. This appeal was dismissed upon Marriott's failure to appear at a hearing scheduled by the Board for December 2, 1976.[1]

On February 3, 1977, petitioner filed with the Board his own appeal of the disqualification by the Claims Deputy. At a hearing on this appeal on February 14, 1977, petitioner testified that he had filed an earlier appeal of the disqualification on one of his regular reporting days "around November or December" 1976. In a decision the next day, February 15, 1977, the Appeals Examiner entered a finding that there was no record of an earlier appeal by petitioner.

The Examiner noted, further, that petitioner's first regular reporting day after October 19, 1976, was November 1, 1976. He therefore concluded that petitioner's appeal could not have been filed in any event within ten days after the Board had mailed notice of the disqualification decision, and that petitioner's appeal accordingly must be dismissed as untimely under D.C.Code 1973, § 46–311(b).[2] On May 25, 1977, the Board adopted the Appeals Examiner's decision whereupon Mr. Worrell, on June 2, 1977, petitioned for review by this court.

## II.

■ For undisclosed reasons the employer, Marriott, filed an appeal of the Board's determination, which was dismissed on December 2, 1976. This may have confused petitioner about the necessity of filing his own timely appeal. In fact, at the hearing on his own later appeal, petitioner claimed that he originally had been told that "I won the case and that I would receive the checks . . . after my benefits ran out." However, as elaborated below, whatever confusion may have resulted from the employer's appeal cannot legally excuse petitioner's failure to note his own timely appeal.

The notice of disqualification which the Board mailed to petitioner included the following legend in capital letters:

ANY APPEAL MUST BE FILED IN WRITING WITHIN TEN (10) DAYS FROM THE DATE SHOWN ABOVE.

The "date shown above" was October 19, 1976. This legend reflects D.C.Code 1973, § 46–311(b), which provides in relevant part that the Board's determination "shall be

---

1. According to the Appeals Examiner at the hearing on petitioner's appeal: "Okay, that is in the record that there was an employer appeal filed and a hearing scheduled on the employer's appeal. Rescheduled, I guess, for December 2nd and that the employer did not come. The claimant did come on that day and the employer's claim was dismissed. . . ."

2. D.C.Code 1973, § 46–311(b), provides in part: The claimant and other parties to the proceedings shall be promptly notified of the initial determination or any amended determination and the reasons therefor. Benefits

shall be denied or, if the claimant is otherwise eligible, paid promptly in accordance with such initial determination except as hereinafter otherwise provided. The Board shall promptly notify the claimant and any party to the proceeding of its determination, and *such determination shall be final within 10 days after the mailing of notice thereof to the party's last known address* or in the absence of such mailing, within 10 days of actual delivery of such notice. . . . [Emphasis added.]

final within 10 days after the mailing of notice thereof to the party's last known address or in the absence of such mailing, within 10 days of actual delivery of such notice." In *Gaskins v. District Unemployment Compensation Board*, D.C.App., 315 A.2d 567 (1974), our court held that this ten-day period for filing an appeal to prevent finality of the Board's determination (based on a Claims Deputy's decision) is jurisdictional; "the Board has no authority to extend the ten-day limitation time set forth in the Act . . . ." *Id.* at 568. Therefore, unless petitioner's appeal rights were saved during the ten days immediately following October 19, 1976, the Board's determination became final.

The record indicates that the employer's appeal was not dismissed until December 2, 1976. By arguing that he had filed his own appeal on one of his regular reporting days "around November or December" 1976, petitioner in effect was arguing that his appeal was timely because—by virtue of the employer's appeal—the Board's decision of October 19, 1976, was not "final" until at least December 2.

■ The Appeals Examiner concluded that "[t]he employer's appeal in no way excused claimant from filing an appeal within the required [ten day] time period." The Examiner may or may not be correct. *Gaskins v. District Unemployment Compensation Board, supra*, does not resolve the question whether an employer's timely appeal tolls the ten-day period within which the employee must note his or her own appeal under D.C.Code 1973, § 46–311(b). We do not, however, have to resolve that question (which has not been briefed), for the Appeals Examiner expressly found that petitioner, despite his testimony to the contrary, did not file an appeal with the Board until February 3, 1977, long after any possible tolling under his theory had expired. We cannot say, on the record, that this finding, adopted by the Board, was not supported by evidence. D.C.Code 1973,

§ 46–311(f). *See Hill v. District Unemployment Compensation Board*, D.C.App., 302 A.2d 226, 228 (1973). Accordingly, the Board's determination must be upheld.

*Affirmed.*