**Christine M. GOSCH, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.**

**No. 83–1423.**

District of Columbia Court of Appeals.

Submitted Sept. 25, 1984.

Decided Oct. 5, 1984.*

Warren C. White, Lanham, Md., for petitioner.

Michael A. Milwee, Washington, D.C., for respondent. Grace Lockett Rosner, Washington, D.C., also entered an appearance, for respondent.

Before NEBEKER and TERRY, Associate Judges, and GALLAGHER, Associate Judge, Retired.

TERRY, Associate Judge:

Petitioner seeks review of a decision by the Department of Employment Services denying her application for unemployment benefits. We find her arguments without merit and affirm the decision under review.

In February 1982 petitioner was hired as an Assistant Food Service Director at the Capital Health Care Center. After a dispute concerning the nature of her duties,

* The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. Respondent's motion for publication has been granted by the court.

she resigned in January 1983. Thereafter she applied for unemployment benefits, noting on her application that she resigned because of a "lack of opportunity for advancement and a drastic change in [her] job description." A claims deputy reviewed her application and concluded that she was ineligible for benefits because she resigned without "good cause connected with the work." *See* D.C. Code § 46–111(a) (1981); 18 DCRR § 4612.6(e).

A notice of that decision was mailed to petitioner on March 15, 1983; she received it on March 19. The notice set forth the decision of the claims deputy, the reasons for that decision, and the following statement concerning petitioner's right to appeal:

> APPEAL RIGHTS: If you wish to appeal this determination, you should do so [in] person or you may write to your Community Employment Service Center in which you have been filing. *Any appeal must be filed within ten (10) days from the date shown above.* [Emphasis added.]

The "date shown above" was March 15. Petitioner was thus required to file any appeal by March 25. She failed to do so; however, she did file an appeal on March 29.

On review the appeals examiner found petitioner's appeal to be untimely and, on this basis alone, affirmed the determination of the claims deputy. Petitioner appealed to the Office of Appeals and Review, claiming that the ten-day time limit for filing an appeal[1] was unreasonable and denied her due process of law. The Chief of that Office affirmed the appeals examiner's decision. Again in this court petitioner challenges the reasonableness of the ten-day limitation on the exercise of her right of appeal.

■■■ Petitioner's challenge is entirely without merit. The Department fully complied with all relevant statutory provisions, particularly D.C. Code § 46–112(b), and in so doing gave her reasonable notice of the decision of the claims deputy, her right to appeal from that decision, and the time within which she must do so. By her own admission, petitioner had six days after receiving the notice within which to file her appeal.[2] All she had to do was to go to the offices of the Department of Employment Security and fill out a simple form. We are satisfied that the Department met its obligation of giving notice which was reasonably calculated to apprise petitioner of the decision of the claims deputy and an opportunity to contest that decision through an administrative appeal. Comparable time limitations have been repeatedly upheld by the courts in the face of due process challenges. *E.g., Lindsey v. Normet,* 405 U.S. 56, 64–69, 92 S.Ct. 862, 869–72, 31 L.Ed.2d 36 (1972) (six days); *Goldberg v. Kelly,* 397 U.S. 254, 268, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970) (seven days). The Supreme Court held long ago that although the authority of a legislature to prescribe the length of such notice is "not absolute ... it is certain that only in a clear case will a notice authorized by the legislature be set aside as wholly ineffectual on account of the shortness of the time." *Bellingham Bay & B.C.R.R. v. City of*

---

1. D.C. Code § 46–112(b) (1981) provides that a claims deputy's determination "shall be final within ten days after the mailing of notice thereof to the party's last-known address or, in the absence of such mailing, within ten days of actual delivery of such notice." 18 DCRR § 4607.1 authorizes the filing of an appeal within the same ten-day period.

2. Petitioner received the notice of the claims deputy's decision on March 19 and filed her appeal on March 29, ten days later. We reject any suggestion that petitioner might have misunderstood the notice as giving her ten days from receipt within which to file an appeal. Anyone who can read the English language could not reasonably interpret "ten days from the date shown above" as meaning "ten days from receipt of this notice." The Constitution "does not insure against the effects of a mistaken response to timely notice knowingly received." *Brenner v. Ebbert,* 130 U.S.App.D.C. 168, 171, 398 F.2d 762, 765, *cert. denied,* 393 U.S. 926, 89 S.Ct. 259, 21 L.Ed.2d 262 (1968).

*New Whatcom,* 172 U.S. 314, 318, 19 S.Ct. 205, 206, 43 L.Ed. 460 (1899).

■ Because petitioner's appeal was filed after the time prescribed for filing had expired, the appeals examiner lacked jurisdiction to consider the merits of her appeal. *Worrell v. District Unemployment Compensation Board,* 382 A.2d 1036 (D.C.1978); *Gaskins v. District Unemployment Compensation Board,* 315 A.2d 567 (D.C.1974). The Department's decision upholding the order of the appeals examiner is therefore

*Affirmed.*