**Manuel DaCOSTA, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.**

No. 84–817.

District of Columbia Court of Appeals.

Submitted Feb. 26, 1985.

Decided March 5, 1985.*

As Amended June 6, 1985.

---

\* The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. Respondent's motion for publication has been granted by the court.

  In publishing the opinion, we have revised it slightly to clarify certain points and to correct one minor factual error.

**1.** *See* Note following 26 U.S.C. § 3304 (1982).

**2.** Apparently, petitioner had traveled from Florida to the District of Columbia to seek employment, but his wife had chosen to remain behind. Because she refused to join him, he said, he felt compelled to resign and go back to Florida.

**3.** Section 46–108(g)(8)(G) provides:

Manuel DaCosta, pro se.

N. Denise Wilson-Taylor, Washington, D.C., was on the brief for respondent. Grace Lockett Rosner, Washington, D.C., also entered an appearance for respondent.

Before FERREN and TERRY, Associate Judges, and PAIR, Associate Judge, Retired.

TERRY, Associate Judge:

Petitioner seeks review of a decision by the Department of Employment Services denying his application for Federal Supplemental Compensation (FSC) benefits.[1] We affirm the decision under review.

In 1979 petitioner went to work for the District of Columbia Department of Human Services as a maintenance engineer. He resigned about two years later and filed a claim for unemployment benefits, stating that he had to return to Florida and rejoin his wife.[2] A claims deputy found that petitioner had left his job voluntarily for personal reasons and not for good cause connected with the work; consequently, he was disqualified from receiving benefits for seven weeks. *See* D.C.Code § 46–111(a) (1981).

In January 1983 petitioner filed his claim for FSC benefits. Upon review of his application, a claims examiner, relying on D.C.Code § 46–108(g)(8)(G) (1983 Supp.),[3] ruled that petitioner was ineligible for those benefits because he had "not worked

  An individual shall not be eligible to receive extended [FSC] benefits with respect to any week of unemployment in his eligibility period if such individual has been disqualified for regular benefits or extended benefits under this section because the individual voluntarily left his most recent work without good cause connected with the work, was discharged for misconduct, or failed to accept an offer of or apply for suitable work, unless such individual has returned to work, has been employed at least four weeks, and has earned an amount equal to or greater than four times his weekly benefit.

in each of four (4) weeks and earned at least four (4) times [his] weekly benefit amount since being disqualified on [his] initial claim." Petitioner noted an appeal, and a hearing was scheduled for March 14, 1984. However, although petitioner was given notice of the hearing, he failed to appear. The appeals examiner therefore upheld the decision of the claims examiner, stating that "[t]he available record discloses no persuasive reason to change the [claims examiner's] determination."

A notice of the appeals examiner's decision was mailed to petitioner on March 17. At the bottom of that notice was printed the following:

> APPEAL RIGHT: This decision will become final unless an appeal by the interested party is filed in writing with the Office of Appeals and Review, Room 613, in accordance with the instructions on the next page.

The instructions on the next page stated in part:

> If you wish to appeal the enclosed decision, the procedure listed below *must* be followed:
>
> (1) *YOUR APPEAL MUST BE SENT WITHIN TEN DAYS FROM THE DATE OF THE HEARING EXAMINER'S DECISION TO:*
>
> D.C. Department of Employment Services. . . .

[Emphasis in original.] [4]

Despite this clear notice, petitioner did not send a notice of appeal to the Department until May 3, more than six weeks after the date of the decision. Since his appeal was untimely, and its lateness was not explained, the Chief of the Office of Appeals and Review affirmed the appeals examiner's decision.

That affirmance was clearly correct. D.C.Code § 46–112(e) provides that a decision shall be final *unless* a claimant files an appeal within ten days from the date on which the decision is mailed, which in this case was March 17.[5] Petitioner's notice of appeal therefore had to be filed no later than March 27; it was not even mailed, however, until May 3, and was not received by the Office of Appeals and Review until May 7. We have consistently held that such a time limit for filing an administrative appeal is jurisdictional and cannot be extended. *Worrell v. District Unemployment Compensation Board*, 382 A.2d 1036 (D.C.1978); *Gaskins v. District Unemployment Compensation Board*, 315 A.2d 567 (D.C.1974); *see Gosch v. District of Columbia Department of Employment Services*, 484 A.2d 956 (D.C.1984).[6] Because petitioner's appeal was not filed until after the time for filing had expired, the decision became final, and the Chief of the Office of Appeals and Review was correct in refusing to consider the merits of petitioner's case.

The decision of the Department of Employment Services is therefore

*Affirmed.*

---

4. The ten-day limit is imposed by D.C.Code § 46–112(e) (1981).

5. Petitioner makes no assertion that his appeal was late because he failed to receive timely notice of the March 17 decision. *Compare Thomas v. District of Columbia Department of Employment Services*, 490 A.2d 1162 (D.C.1985).

6. These decisions all involve the ten-day limit for filing an initial administrative appeal under D.C.Code § 46–112(b), not the parallel but different ten-day limit for filing a second-stage administrative appeal under D.C.Code § 46–112(e). We see no reason, however, to draw a distinction here between the two types of appeals, and thus we follow the holdings of these subsection (b) cases in the instant subsection (e) case.