Helen V. GREEN, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

**No. 91–AA–108.**

District of Columbia Court of Appeals.

Submitted March 9, 1992.
Decided May 22, 1992.

---

Helen V. Green, filed a brief, pro se.

Michael A. Milwee, was on the brief, for respondent.

Before SCHWELB, Associate Judge, KERN and BELSON, Senior Judges.

PER CURIAM:

A claims deputy of respondent, District of Columbia Department of Employment Services (DOES), denied petitioner's claim for unemployment compensation on the ground that she voluntarily quit her position as a security officer at the Federal Reserve Board without good cause connected with work. D.C.Code § 46–111(a) (1990).

The record reflects that respondent mailed a Notice of the Determination to petitioner on July 31, 1990. The applicable statute required her to file an appeal with DOES on or before August 10, 1990.[1] Her

appeal is date-stamped in the record as August 13th. Respondent cannot take jurisdiction of an untimely appeal. *Gaskins v. District Unemployment Compensation Board,* 315 A.2d 567 (D.C.1974).

Nevertheless, the respondent's appeals examiner held a hearing on September 10, 1990, at which he took testimony on the timeliness of her appeal, as well as its merits. He concluded in his opinion upon the basis of the date of the determination denying her claim (July 31st) and the date of her appeal (August 13th) that the appeal was not timely, and hence, DOES was without jurisdiction, citing *Gosch v. District of Columbia Department of Employment Services,* 484 A.2d 956 (D.C.1984). The respondent affirmed the appeals examiner's decision and petitioner now challenges in her petition to this court this final decision ruling her appeal was untimely.

At the hearing, the appeals examiner and petitioner engaged in the following colloquy:

HEARING EXAMINER: All right let's go to the issue of timeliness. Ms. Green - a Notice of Determination was mailed and certified as being mailed on July 31, 1990 to 10 Quincy Place, N.E., Washington, D.C, [sic] zip code 20002–2134. However, you did not file your Appeal until August 13, 1990. Did you receive the Determination in the mail?

MS. GREEN: I received the Determination in the mail. I mailed—*I sat down the same day and wrote a letter back and when (inaudible) a week later they couldn't find the letter* and unfortunately I didn't have a copy. *And they had me fill out another form right there. I did appeal in time, but they couldn't find my letter.*

HEARING EXAMINER: Who did you talk to about your letter?

MS. GREEN: One (1) of your Claims Examiners at 25 K Street. I know her face, but I can't pronounce her name, but

---

1. D.C.Code § 46–112(b) (1990 Repl.) provides in pertinent part:

    The Board shall promptly notify the claimant ... of its determination, and such determination shall be final within 10 days after the

    mailing of the notice thereof to the party's last address or in the absence of such mailing, within 10 days of actual delivery of such notice.

something like Edith or (inaudible) something.

HEARING EXAMINER: Etum.

MS. GREEN: She's the lady that I spoke to, and had me fill out another form in her presence that I signed. When she looked through the files, she said they should have had my letter and they couldn't find it.

Petitioner testified, "I did appeal in time, but they couldn't find my letter." She identified in her testimony, by first name at least, the official at the DOES office whom she asserted "said they should have had my letter and they couldn't find it." In addition, petitioner testified, "I received the Determination in the mail.... I sat down the same day and wrote a letter back and when ... a week later they couldn't find the letter ... they had me fill out another form right there."

The issue raised but left unaddressed and undecided by the appeals examiner is whether petitioner did in fact file the appeal timely but respondent lost it and then required her to fill out another appeal, and whether this second appeal was the appeal in the record dated August 13th. We are unable to affirm the final decision by DOES unless this issue, resting upon the credibility of the witness, is addressed and determined. *See Eilers v. District of Columbia Bureau of Motor Vehicle Services,* 583 A.2d 677, 684–86 (D.C.1990).

Accordingly, we are required upon this record to remand this case to DOES for a determination on the credibility of petitioner's testimonial assertion concerning her filing of the appeal and its receipt and loss by the respondent.

*So ordered.*