Luis A. GOMEZ, Petitioner,

v.

**CONSOLIDATED ENGINEERING SERVICES, INC., Respondent.**

No. 06–AA–764.

District of Columbia Court of Appeals.

Submitted Jan. 7, 2008.

Decided March 13, 2008.

Barbara McDowell, Legal Aid Society of the District of Columbia, for petitioner.

Peter J. Nickles, Interim Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, Donna M. Murasky, Deputy Solicitor General, and Stacy L. Anderson, Assistant Attorney General, filed a motion for summary reversal on behalf of the District of Columbia.

No brief or opposition to the motion for summary reversal was filed on behalf of respondent.

Before FARRELL, FISHER, and THOMPSON, Associate Judges.

PER CURIAM:

After an Administrative Law Judge (ALJ) of the Office of Administrative Hearings (OAH) concluded that petitioner's appeal from a ruling of a claims examiner denying him unemployment compensation was untimely, petitioner sought review of that decision by this court. Respondent, the employer, filed no brief in opposition to petitioner's claim that his administrative appeal had, indeed, been timely or that the untimely filing should be excused. Because we concluded that the ALJ's decision raised questions about the correctness of OAH's instructions to claimants requesting a formal hearing in unemployment compensation cases, we asked the District of Columbia government to state its views regarding the timeliness of the hearing request in this case.

The District has now moved for summary reversal, contending that the ALJ should have deemed petitioner's request for a hearing to be timely in the circumstances presented. The District explains, persuasively in our view, that the governing OAH regulation, combined with contrary instructions in both a notice of appeal rights and an OAH request-for-

hearing form furnished to petitioner, "created an ambiguity regarding the requirements for appealing an [initial] unemployment compensation determination that, at the very least, was the proximate cause of [petitioner's] untimely filing" (Mot. for Summ. Rev. at 15).

We agree with the District's position (similarly articulated by petitioner's counsel), and thus grant the motion for summary reversal. We publish this opinion only to point out a discrepancy between a portion of OAH's regulation governing requests for a formal hearing and agency instructions provided to claimants challenging the denial of unemployment compensation by a claims examiner.

The relevant regulation, 1 DCMR § 2805.8 (2001), provides:

> Any request for a hearing under this Rule appealing a determination regarding unemployment compensation shall be filed with this administrative court in order for the case to be commenced before this administrative court. Any agency accepting claims for unemployment compensation and each party to the matter shall file a copy of the claims examiner's decision with this administrative court no later than three (3) business days from the transmittal date of the hearing request to the agency and parties by this administrative court.[1]

Despite this provision giving a claimant who requests a formal hearing in compensation cases three business days "from the transmittal date of the hearing request" to file a copy of the claims examiner's decision, two documents furnished to petitioner by agency officials instructed him differently. First, the hearing request form he received from OAH told him that he "must attach a copy of the claims examiner's

determination" to the request for a hearing—the implication being that this was a precondition of a proper request. Second, written instructions he received from the District of Columbia Department of Employment Services for filing an administrative appeal similarly told him:

> [T]he claimant … may appeal this determination by filing a request for a hearing, *along with a copy of this determination.* The hearing request, with a copy of this determination, may be mailed to the following address: … Alternatively, you may file a request for a hearing in person at the address below. (Be sure to bring a copy of this determination with you, *as you must file it along with your hearing request* in order for your case to be able to move forward). [Emphases added.]

Contrary to these instructions, neither 1 DCMR § 2805.8 nor any other regulation mandates the filing of the claims examiner's decision with the request for a hearing in an unemployment compensation case. (By contrast, when in other contexts a party seeks to initiate, not a hearing and "examination … of issues of law *and fact* between parties," 1 DCMR § 2899 (emphasis added), but "appellate proceedings," the party must file "a copy of the order from which the appeal is taken" with the notice of appeal. 1 DCMR § 2901.1(b), 2899 (defining "appellate proceeding" as one in which OAH "review[s] a decision made by another tribunal after an opportunity for an evidentiary hearing in that tribunal")).

In this case, as the District points out, the faulty instructions petitioner received about the need to attach the claims examiner's determination to the hearing request

---

1. The regulations further define a "request for hearing" as, "unless otherwise specified, an oral or written request for a formal examination by this administrative court of issues of law and fact between parties and includes, but is not limited to, appeals from initial determinations of unemployment compensation claims…." 1 DCMR § 2899.

bore a direct relation to his untimely filing. OAH and DOES would be well advised, as relates to unemployment compensation cases, to clarify those written instructions in keeping with 1 DCMR § 2805.8.

*Reversed and remanded for examination on the merits of petitioner's claim for compensation.*