Rona WRIGHT–TAYLOR, Petitioner,

v.

HOWARD UNIVERSITY HOSPITAL,
Respondent.

No. 07–AA–1173.

District of Columbia Court of Appeals.

Submitted Oct. 23, 2008.
Decided May 28, 2009.

Rona Wright–Taylor, pro se.

No brief was filed on behalf of respondent.

Before WAGNER, NEBEKER, and STEADMAN, Senior Judges.

STEADMAN, Senior Judge:

Petitioner, Rona Wright–Taylor, was denied unemployment compensation by the Department of Employment Services (DOES). She appealed to the Office of Administrative Hearings (OAH), but her appeal was "dismissed for lack of jurisdiction" as untimely filed beyond the ten-day limit for such appeals. Before us, petitioner argues that OAH has jurisdiction to review the DOES determination because she mailed her initial request for a hearing before OAH within the ten-day filing period. Because the regulations governing the procedures for timely filing of a notice of appeal at issue here are rule-based and not statutory, and because OAH provided ambiguous notice to petitioner of the appeal process, we reverse and remand the case to OAH for a hearing on the merits.

## I.

The final order of the Administrative Law Judge (ALJ) of the OAH dismissing petitioner's appeal made the following findings of fact, which we take as given.[1] "The DOES Claims Examiner's Determination

was certified as mailed to the parties on June 21, 2007.... On Monday, July 2, 2007, Claimant hand carried her request for a hearing to her local U.S. Post Office in Elkins Park, Pennsylvania, and mailed it first class mail, in an envelope addressed to The Office of Administrative Hearings, 941 North Capitol Street, NW, Suite 9100, Washington, DC 20002." This was OAH's correct address.

"Having not heard back from [OAH], Claimant telephoned the Clerk's Office on July 20, 2007, and spoke with a member of the staff who informed her that there was no record of her request for a hearing having arrived [at OAH]. The staff member told Claimant that he would conduct a search and let her know if he found her submission. Claimant again telephoned [OAH] on July 27, 2007, at which time a staff member told her nothing had been found and invited her to send a letter enclosing a copy of her initial request. Claimant mailed a copy of her initial request, together with a cover letter.... Claimant telephoned the Clerk's Office on August 6, 2007, and was told that there was no record of her second mailing arriving [at OAH]. However, on August 7, 2007, a staff member telephoned Claimant advising her that her letter and enclosure had arrived."

On August 13, 2007, OAH served petitioner with an Order to Show Cause why her request should not be dismissed for failure to file in a timely fashion. Petitioner issued a response, and OAH held a hearing.[2] On October 4, 2007, the ALJ dismissed petitioner's claim for lack of jurisdiction because she did not file within the statutory ten-day filing period, citing

---

**1.** *See Giles v. District of Columbia Dep't of Employment Servs.*, 758 A.2d 522, 524 (D.C. 2000) ("We defer to agency findings of fact so long as they are supported by substantial evidence.").

**2.** Neither employer nor employer's representative, Renaissance Unemployment Insurance Company, participated in the hearing, nor has either of them filed a brief in this court.

D.C.Code § 51–111(b) (2001). The ALJ at three points expressly acknowledged that petitioner had "testified credibly." He ruled, however, that "a filing is deemed filed when it is date stamped by [OAH] or, if the filing arrives in an envelope bearing a U.S. Postal Service postmark, [OAH] may consider the postmark for determining timeliness. OAH Rules 2805, 2899. Here, Claimant's initial request for a hearing never arrived at [OAH] and thus, there is no postmark to establish timeliness. Accordingly, there is no evidence the appeal was filed within the statutory period." The ALJ concluded that because the appeal was not timely filed within the statutory ten-day period, OAH lacked jurisdiction to hear the appeal.

## II.

We begin our analysis by recognizing our consistent holdings that the statutory ten-day period within which a petitioner must file his or her notice of appeal is "jurisdictional." *See Chatterjee v. Mid Atlantic Reg'l Council of Carpenters,* 946 A.2d 352, 354 (D.C.2008) ("Our decisions repeatedly have affirmed the rule that '[t]he ten day period provided for [administrative] appeals under the Unemployment Compensation Act . . . is jurisdictional, and failure to file within the period prescribed divests the agency of jurisdiction to hear the appeal.'") (quoting *Calhoun v. Wackenhut Servs.,* 904 A.2d 343, 345 (D.C. 2006)).[3] We also take note, however, of recent Supreme Court cases significantly clarifying the proper use of the word "jurisdictional" in such contexts.

The Supreme Court first distinguished mandatory jurisdiction rules from claim-processing rules in *Kontrick v. Ryan.* 540 U.S. 443, 453, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (holding that bankruptcy rules prescribed by the Supreme Court "do not create or withdraw federal jurisdiction.") (internal citation omitted); *see also Eberhart v. United States,* 546 U.S. 12, 15–16, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (holding that claim-processing rules setting forth time limits for a defendant's motion for a new trial grounded on a reason other than newly discovered evidence are not jurisdictional). In *Arbaugh v. Y & H Corp.,* the Court emphasized that "time prescriptions, however emphatic, are not properly typed jurisdictional." 546 U.S. 500, 510, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (internal citations and quotation marks omitted). However, in *Bowles v. Russell,* the Court's most recent decision regarding jurisdiction limitations under claim-processing rules, the Court distinguished statutory time limits from rule-based time limits for taking an appeal, the former being truly jurisdictional and the latter being subject to equitable exceptions to their formal requirements. 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007).

The operative statutory provision that is usually cited as setting the ten-day time limit for unemployment compensation appeals is D.C.Code § 51–111(b) (2001), formerly codified at D.C.Code § 46–112(b) (1981) and D.C.Code § 46–311(b) (1973). *See Burton v. NTT Consulting, LLC,* 957 A.2d 927, 929 (D.C.2008) ("D.C.Code § 51–111(b) (2001) sets forth the deadline for filing an administrative appeal for unem-

---

**3.** Although this court did not initially refer to the ten-day period as jurisdictional, our holdings under previous versions of the unemployment statute note that the reviewing body at the time, the District of Columbia Unemployment Compensation Board, "ha[d] no authority to extend the ten-day limitation time set

forth in the Act. . . ." *Gaskins v. District Unemployment Comp. Bd.,* 315 A.2d 567, 568 (D.C.1974). In *Worrell v. District Unemployment Comp. Bd.,* we concluded that the ten-day period at issue in *Gaskins* was properly termed a jurisdictional limitation. 382 A.2d 1036, 1038 (D.C.1978).

ployment compensation."). It does so, admittedly, in a somewhat backhanded and confusing way. Subsection (b) provides that "an agent of the Director" (now called the claims examiner) shall make an "initial determination" of eligibility. It then provides that "the claimant and interested parties shall be given notice thereof and permitted to appeal therefrom to the Director and the courts as is provided in this subchapter for notice of, and appeals from, decisions of appeal tribunals."[4] Subsequently, subsection (b) provides that "[t]he Director shall promptly notify the claimant and any party to the proceeding of its determination, and such determination shall be final within 10 days after the mailing of notice thereof to the party's last-known address or in the absence of such mailing, within 10 days of actual delivery of such notice." This quoted passage is the only reference in subsection (b) to a ten-day period, and makes no mention of an appeal.[5] We do note that subsection (d) provides for an appeal tribunal, and subsection (e) provides for appeals from such tribunals to the Director, and in that regard states: "Unless a petition for such appeal is filed within 10 days of mailing of the decision of an appeal tribunal ... the decision of the appeal tribunal shall constitute the decision of the Director and shall be effective as such. Any decision of an appeal tribunal which is not ... so appealed within such 10–day period is final for all purposes, except as provided in § 51–112 [providing for appeals to this court]." In any event, it is settled that the statute requires that an appeal from an initial determination must be filed within ten days of the mailing of notice of the determination. *See Gaskins, supra* note 3, 315 A.2d at 568.

The Office of Administrative Hearings Establishment Act of 2001 calls on OAH to perform the administrative review conducted formerly by DOES, which is now done by one administrative law judge, with a direct appeal therefrom to this court.[6] D.C.Code § 2–1831.03(b)(1) (2001) (granting OAH jurisdiction over appeals from DOES). That Act does not contain a provision governing the timely filing of a notice of appeal in an unemployment com-

4. The syntax of the sentence is extraordinarily complex, and, in particular, the reference point for "thereof" and "therefrom" is obscure. It may refer back to the initial determination or only to the special situation where eligibility for benefits is determined under D.C.Code § 51–110(e), which is done initially by an appeal tribunal. We need not resolve this issue here.

5. A former version of this portion of subsection (b) was far clearer regarding the ten-day limitation on filing an appeal:

The claimant and other parties to the proceedings shall be promptly notified of the initial determination or any amended determination and the reasons therefor.... The claimant or any party to the determination may file an appeal from such initial determination or from a reconsideration of such determination within ten days after notification thereof, or after the date such notification was mailed to his last known address.

D.C.Code § 46–311(b) (1967). In interpreting this provision, we held that the ten-day period ran from the date on which a claimant actually received notice of the initial determination, rather than from the date on which the determination was mailed. *See Riley v. District of Columbia Unemployment Comp. Bd.,* 278 A.2d 691, 692 (D.C.1971). In 1971 the statute was amended "so as to provide that only in the *absence* of mailing would the actual date of delivery be used." *Gaskins, supra* note 3, 315 A.2d at 568.

6. Because OAH has a number of ALJs, there appears at present no single ultimate supervisory point of review within the executive branch of unemployment benefit decisions, as formerly existed when appeals went ultimately to the Director of DOES.

pensation case.[7] *See* D.C.Code §§ 2–1831.01 to –.18. Under *Bowles, supra,* therefore, the only statutory provisions that can be considered strictly jurisdictional and outside the realm of waiver for equitable purposes are those quoted above contained in § 51–111. 551 U.S. at 205, 127 S.Ct. 2360.

■ Statutes, of course, are subject to interpretation and their general provisions often need to be spelled out by detailed regulations. Here, for example, questions may arise as to when an appeal is "filed," how the ten-day period is computed, what constitutes a "mailing," what is the form of "notice," and so forth, as well as questions of proof of the relevant facts. In that regard, we give deference to any reasonable interpretation of the statute by OAH. *See Smith v. District of Columbia Dep't of Employment Servs.,* 548 A.2d 95, 97 (D.C. 1988) ("Where an administrative agency is delegated broad authority to administer a statutory scheme . . . we defer to a reasonable construction of the statute made by the agency.") (internal citations omitted).

The OAH Rules of Practice and Procedure do not mention explicitly the ten-day filing period. 1 DCMR §§ 2800 to –2899 (2006). The OAH Rules of Practice and Procedure do, however, contain detailed provisions relating to various aspects of the appeals process, including provisions regarding time computation and what constitutes filing. 1 DCMR §§ 2811.3, 2899. With specific relevance to the case now before us, 1 DCMR § 2805.8 provides that "[a]ny request for a hearing under this Rule appealing a determination regarding unemployment compensation shall be filed with this administrative court in order for the case to be commenced before this administrative court."[8] Then, in its "General Definitions" section, 1 DCMR § 2899, that chapter provides: " 'Filed' means, unless otherwise specified, when the document is actually received by the Clerk of Court. Notwithstanding the foregoing definition, a document filed pursuant to 1 DCMR § 2805 shall relate back for purposes of timeliness, if its envelope bears a United States Postal Service post mark, rather than a mark from a private postal meter. *See generally* D.C. Superior Court Civil Rule 15(c)."[9]

In addition, the "Notice of Appeal Rights" attached to an initial determination provides guidance to petitioners regarding what constitutes timely filing:

### NOTICE OF APPEAL RIGHTS

*WHO MAY FILE AN APPEAL:* Either the claimant or the employer may appeal this determination by filing a re-

---

**7.** 18 DCRR § 4607.1 (1983), the regulation governing former appeals before DOES, reiterated the statutory mandate that a party must file an appeal within ten days. *See Gosch v. District of Columbia Dep't of Employment Servs.,* 484 A.2d 956, 957 n. 1 (D.C. 1984). This language does not appear in the Office of Administrative Hearings Establishment Act of 2001. *See* D.C.Code §§ 2–1831.01 to –.18.

**8.** The "request for a hearing" appears to be the term of art used to describe an appeal from an initial determination by a claims examiner. *See* "Notice of Appeal Rights," quoted *infra.* Chapter 29 of the Rules is devoted in part to "Appellate Proceedings," but those rules apply only to appellate proceedings not governed by Chapter 28 and are not relevant to this appeal. 1 DCMR § 2900.2; *see* 1 DCMR § 2899 (defining "appellate proceeding" as "any case in which any applicable law grants jurisdiction to this administrative court to review a decision made by another tribunal after an opportunity for an evidentiary hearing in that tribunal.").

**9.** The reference to the Superior Court Civil Rule is puzzling because that rule contains nothing that we can see relevant to the filing question.

quest for a hearing, **ALONG WITH** a copy of this Determination. If you received this Determination in the mail, **SAVE** the envelope in which you received it.

*WHERE TO FILE AN APPEAL:* You **MUST** file your request for a hearing with the **Office of Administrative Hearings** in person, by mail or by fax. You may file your request for a hearing *in person* or *by mail* at the following address:

**Office of Administrative Hearings**

**941 N. Capitol Street, NE Suite 9100**

**Washington, DC 20002**

**OR** you may submit an appeal by *fax* but a request sent by fax will not be filed unless it is complete and legible when received at:

**Office of Administrative Hearings**

**FAX: (202) 442–9451**

**DO NOT send or bring your hearing request to a DOES One–Stop Center or to any office of the Department of Employment Services.**

*FILING DEADLINE:* Your request for a hearing **must** be either postmarked by the United States Postal Service (not a private postage meter) or actually received by this administrative court within **ten (10)** calendar days of the mailing date of the Claims Determination you are appealing. The time runs from the date DOES mailed the Determination to you, **NOT** from the date you received it. If the Claims Determination was NOT mailed to you, you must file within **ten (10)** calendar days of actual delivery to you of the Claims Determination.

If the 10–day filing deadline falls on a Saturday, Sunday or a legal holiday, the deadline is extended to the next business day.

**Failure to file a request for a hearing within this deadline subjects your appeal to dismissal.**

**No one is authorized to give you different instructions for filing a request for a hearing. . . .** [10]

Often, then, questions about compliance with the statutory ten-day limit will turn not on the statute itself but rather upon the provisions set forth in the rules.

Even when the issue turns upon the statutory prohibition, significant questions may arise. In several recent cases, we have had occasion to remand unemployment benefit dismissals that involve the issue whether a notice of a claims examiner's decision has been "mailed" so as to start the running of the ten-day period. *See Thomas v. District of Columbia Dep't of Employment Servs.,* 490 A.2d 1162, 1164–65 (D.C.1985) ("If the agency failed to mail notice to petitioner of the employer's appeal of the claims deputy's decision, the agency cannot be said to have afforded petitioner a 'reasonable opportunity for fair hearing' under the Unemployment Compensation Act . . . .") (citing D.C.Code § 46–112(e) (1981)). In particular, we have cautioned against over-reliance on the so-called presumption of mailing arising from the execution of a certificate of mailing. *See Thomas v. Nat'l Children's Ctr., Inc.,* 961 A.2d 1063, 1066 (D.C.2008) (stating, "the reliance on the evidentiary presumption provided by mailing the notice . . . falls short of the substantial evidence needed to support the OAH ruling" where petitioner testified that he did not receive

---

**10.** The Notice of Appeal Rights quoted above was attached to petitioner's initial determination of unemployment benefits.

either of two claims determinations); *Chatterjee, supra,* 946 A.2d at 356 ("Because petitioner's testimony, credited by the ALJ, fairly called into question the accuracy of the certificate of service, OAH must engage in a factual inquiry to establish whether the determination letter was mailed on or about the date indicated.") (internal citation and quotation marks omitted); *Rhea v. Designmark Serv., Inc.,* 942 A.2d 651, 656 (D.C.2008) (noting the likelihood of an error in mailing on the date certified where the certificate of service was unclear, petitioner was only minimally questioned at her hearing, the employer did not participate in the litigation, and there was no explanation of DOES mailing procedures).

■ The case before us, while also involving a question of mailing, turns upon a mailing in the opposite direction, namely, from claimant to OAH, which in turn depends on the statutory requirement that a notice of appeal be "filed" within ten days. Here, OAH has made a quite reasonable policy determination that in appeals by mail from an initial determination of unemployment benefits, the appeal will be deemed filed as of the date of mailing, rather than receipt by the OAH clerk. The question, in essence, is whether that can occur only where such mailing is proven by a U.S. Post Office postmark, a matter that on its face would appear to go to questions of proof, not that of timeliness as such. In that regard, the presumption that is invoked for notices of appeal from an initial determination would seem to work in favor of the claimant whose testimony of mailing is believed, as was the case here, namely, that letters properly mailed are presumed to have been received at the address on the envelope. *See McCaskill v. District of Columbia Dep't of Employment Servs.,* 572 A.2d 443, 445 (D.C.1990) ("There is a presumption that correspondence mailed and not returned to the agency is received.") (citing *Carroll v. District of Columbia Dep't of Employment Servs.,* 487 A.2d 622, 623 (D.C.1985)). This presumption would suggest that the request for a hearing here was in fact received by OAH but lost somewhere within the agency.[11] While perjury is always a concern, crucial credibility determinations are made routinely in litigation, and there is no reason to suppose that unemployment claimants are more untrustworthy than citizens generally, particularly where their conduct in diligently following up on the appeal suggests that the appeal was in fact mailed as testified to. *See Thomas v. Nat'l Children's, supra,* 961 A.2d at 1066.

■ In short, it would not take much to conclude that the end sought by the mailing exception was properly served by the showing here. The goal of administrative proceedings, as the OAH rules recognize, 1 DCMR § 2800.3, is to secure "the just, speedy, and inexpensive determination of every case." *See* District of Columbia Administrative Procedures Act, D.C.Code §§ 2–501 to –511 (2001). A statute is interpreted to carry out the will of the legislature, and it is at best doubtful that the legislature that granted unemployment benefits for broad humanitarian purposes would intend that its provision for a time

---

11. To be sure, that presumption of proper receipt might be offset by the opposing presumption that government agencies do their business correctly unless otherwise shown. *Cf. PowerOasis, Inc. v. T–Mobile USA, Inc.,* 522 F.3d 1299, 1304 (Fed.Cir.2008) (noting the "deference that is due to a qualified government agency presumed to have properly done its job") (internal citation omitted). *See generally Fleming v. United States,* 923 A.2d 830, 836 (D.C.2007) (recognizing that the government enjoys benefit of presumption that evidence in the hands of the government has been handled properly) (internal citations omitted).

limit be narrowly read, particularly when the vast bulk of those seeking unemployment insurance before the OAH are acting *pro se*. *See Thomas v. District of Columbia Dep't of Labor*, 409 A.2d 164, 170–71 (D.C.1979) (stating that the unemployment compensation statute should be construed broadly whenever possible to accomplish the legislative and statutory intent of minimizing the economic burden of unemployment); *see also Rhea, supra*, 942 A.2d at 655 (holding that the unemployment compensation statute is "remedial in character" and must be construed accordingly). Rather, it would appear that by inserting the ten-day limit, the legislature was expressing its desire that unemployment compensation disputes be promptly resolved, binding on the employer as well as the employee, rather than creating some kind of procedural straitjacket.

We need not here explore this question further because we must reverse the dismissal by the ALJ on another related ground.

### III.

■ A prerequisite to invoking the jurisdictional bar imposed by the statutory ten-day filing period is "the agency's obligation of giving notice which was reasonably calculated to apprise petitioner of the decision of the claims deputy and an opportunity to contest that decision through an administrative appeal." *Thomas v. District of Columbia Dep't of Employment Servs., supra*, 490 A.2d at 1164 (internal citation and quotation marks omitted). We have interpreted this holding in *Thomas* to require that the notice must unambiguously set forth the conditions for filing an appeal. *Ploufe v. District of Columbia Dep't of Employment Servs.*, 497 A.2d 464, 465 (D.C.1985); *see Lundahl v. District of Columbia Dep't of Employment Servs.*, 596 A.2d 1001, 1003 (D.C.1991) ("[A]mbigu-

ous notice has been held to be inadequate as a matter of law to trigger the operation of the statutory time limitations within which to file an intra-agency appeal.") (internal citation omitted). In *Ploufe*, the notice stated that any appeal must be filed within ten days but did not define days as either working or calendar days. 497 A.2d at 465. Subsequently, in a series of cases, we struck down application of the ten-day limit on the basis of the inadequacy of the notice. *See McDowell v. Southwest Distribution*, 899 A.2d 767, 770 (D.C.2006) (noting that instructions from a DOES employee that the ten-day period would run anew from re-issuance of a claims determination would constitute ambiguous notice); *District of Columbia Water & Sewer Auth. v. District of Columbia Dep't of Employment Servs.*, 843 A.2d 750, 752 (D.C.2004) (holding that petitioners should not have been foreclosed from consideration of their appeal for untimely filing where the ALJ issued a subsequent errata order expressly granting the parties thirty days to file an application for review); *Lundahl, supra*, 596 A.2d at 1002 (concluding that petitioner was potentially misled by two separate notices of appeal sent on different dates by DOES); *Cobo v. District of Columbia Dep't of Employment Servs.*, 501 A.2d 1278, 1280 (D.C.1985) (concluding that notice was defective where it failed to specify whether ten days were calendar days); *see also Gomez v. Consolidated Eng'g Servs., Inc.*, 943 A.2d 1167, 1169 (D.C.2008) (recognizing that a discrepancy between OAH regulations and documents furnished by agency officials "bore a direct relation to [petitioner's] untimely filing.").

*Montgomery v. District of Columbia Dep't of Employment Servs.* raised the issue of whether an agency's failure to inform a petitioner of what constitutes "filing" creates ambiguous notice. 723 A.2d

399 (D.C.1999). The regulation at issue, 7 DCMR § 228.2(a) (1986), stated:

> Whenever an interested party desires to file a document with the Office, the party shall do the following: (a) Hand deliver the document to the Office and ensure that its receipt is acknowledged and logged in by the Office; or (b) Mail the document by registered or certified mail, return receipt requested; and (c) Send a copy to all interested parties by registered or certified mail.

We did not decide whether the notice of appeal rights, which did not set out what constituted "filing" or set forth the governing regulation, created ambiguous notice, but we did emphasize that the notice "[did] not indicate whether 'filing' refer[red] to the mailing date or the actual receipt date by the agency." *Id.* at 400.

■ Both this case and *Montgomery* raise the issue of the clarity of notice of the filing process. The notice of appeal rights in this case advises the claimant or employer to fulfill the filing process by filing in person or utilizing the U.S. Postal Service. It then advises how to file by facsimile. The problem is that, as interpreted by the ALJ here, unless the mailed item actually arrives at and is properly handled by OAH so that there is a U.S. Postal Service postmark to prove the date of mailing, the retroactive provision permitting the date of mailing to be the date of filing does not apply. Such a position requires far more clarity than appears in the form here. The filer should be warned that the letter should be sent registered mail, with return receipt requested (as is done in the regulation quoted above dealing with filing of documents with DOES) and, indeed, that even then, the only 100 percent certain course of action is to deliver the document in person to OAH and obtain a receipt. A person reading this form as it now stands, perhaps short of a

cautious and legally trained individual, could reasonably conclude that if she took the letter personally to a U.S. Post Office for mailing within the given time limit, she would have complied with the filing requirements.

In the particular circumstances here, the ambiguity and incompleteness of DOES' notice to petitioner therefore rendered it inadequate as a matter of law. Accordingly, in accordance with our prior holdings, we reverse the dismissal of the appeal and remand to OAH for a hearing on the merits.

*Reversed and remanded.*